All the Justices concurring. -

ST. JOSEPH & DENVER CITY RAILROAD CO. V. JAMES E. DRYDEN.

1. DEMURRER TO EVIDENCE — *When Sustained.* Where an action is brought by a railroad company in possession of ' the right-of-way through a tract of land, and using it for its railroad track and telegraph line, to restrain the owner of said land from interfering with its possession and use of the right-of-way, and upon the trial the plaintiff offers no testimony tending to show that defendant ever had interfered, or threatened or was likely to interfere therewith, a demurrer to the evidence is properly sustained.

2. INJUNCTION — *What Facts will not Sustain Action.* Proof that the defendant asserted that a railroad company did not own a certain right-of-way, that he was going to have the right-of-way adjusted, and recover damages therefor, is not sufficient evidence of a threat or danger of violent interference to sustain an action of injunction against the defendant.

3. DISMISSAL OF ACTION, *Without Prejudice — When not Allowed.* After a demurrer to evidence has been sustained, the plaintiff has not the right to dismiss the action without prejudice to a future action.

4. TRIAL; OPENING CASE, *and Receiving New Testimony.* After the testimony has once been closed, the court has the power to open the case and receive further testimony; but neither party can insist upon this as

a legal right.   It is a matter resting in the sound discretion of the court, and its ruling will not be reversed unless it appears from the record that such discretion has been abused.

### Error from Doniphan District Court.

THE opinion of the court contains a full statement of the facts and proceedings.   The district court, at the September Term 1873, gave judgment for costs in favor of *Dryden*, and the *Railroad Company* brings the case here for review.

*Doniphan & Reed*, for plaintiff.
*A. Perry*, and *Price & Heatley*, for defendant.

The opinion of the court was delivered by

BREWER, J.: The substantial question in this case is, whether the district court abused its discretion in refusing to open up a case and permit the plaintiff to offer further testimony after it had sustained a demurrer to the evidence.   The facts are these: Plaintiff in error, plaintiff below, brought an action to restrain defendant from cutting down telegraph poles or interfering in any manner with plaintiff in the operation of its railroad and telegraph line on a strip one hundred feet in width across the defendant's land.   The petition, which was used as an affidavit on application for a temporary injunction, and which therefore stated the facts very fully, and much in detail, alleged the organization of the company, that the land at one time belonged to one Howard, and that while so owned by him he conveyed by deed the right-of-way to plaintiff, that the deed was never recorded, and was burned up in a fire at St. Joseph, the subsequent conveyance by Howard to Dryden, also the construction of the road and telegraph line over this right-of-way, also facts tending to show a knowledge by defendant of plaintiff's construction of the road over his land, and an acquiescence therein, and an estoppel on him, and also, further, that he had cut down some telegraph poles on said land, and was threatening to cut down any that might be replaced thereon, etc.   To this an answer was filed, deny-

ing all the allegations of the petition except the existence of the corporation plaintiff, and that Howard was at one time the owner and the grantor to defendant. To this answer an affidavit was attached verifying the denial of the execution of any conveyance of the right-of-way by Howard to plaintiff. On the trial plaintiff introduced testimony tending to show the execution of a conveyance of the right-of-way, and its destruction by fire, also tending to show an estoppel on defendant, but nothing showing any interference or threat of interference by defendant with plaintiff's possession or use of the right-of-way, and then rested. It is true, that there was testimony that Dryden said that the plaintiff had no right-of-way over his land, that he was going to have the right-of-way adjusted, and to have damages; but no hint of violence,

1. Demurrer to evidence. or threat of violence. A demurrer to the evidence was filed, and sustained. The plaintiff then asked leave to open the case, and introduce testimony to show defendant's interference and threats, but the court refused permission. It then moved for leave to dismiss the action without prejudice, but the court overruled the motion and rendered judgment in favor of defendant for costs. That the court properly sustained the demurrer, is clear. The gist of the action was to restrain the defendant from interfering with plaintiff's possession and use of the right-of-way, and there was no testimony to show that he ever had interfered, or ever threatened or was likely to interfere. Hence the plaintiff's cause of action was not made out. There was a total failure of evidence on one material point, and the demurrer therefore

3. Motion to dismiss action without prejudice. was properly sustained. The motion to dismiss without prejudice was also properly overruled. (Laws 1872, p. 329, §1.) Where a demurrer to the evidence is sustained, the case is ready for judgment. It has been finally submitted to the court, and the plaintiff has no more right to dismiss then than he has after a verdict is returned. The case is decided, and the plaintiff has no right to avoid that decision by a dismissal. There is therefore but the single question stated in the opening. Did the court

abuse its discretion in refusing to open the case and permit
4. Opening case further testimony? That the court has power,
for new
testimony. after a case is closed, to open it for further testi-
mony, will be conceded; but it is a matter resting in its sound
discretion whether it will do so. Neither party has a legal
right to have it done. Before then this court will reverse
the action of the district court in such a case, it must appear
from the record that there was an abuse of that discretion.
*Swartzel v. Dey*, 3 Kas. 244. The presumption in the silence
of the record will be in favor of the ruling. But no showing
of any kind whatever was made on the application for leave
to open the case and offer further testimony. We know not
why this further and needed evidence was not offered before
the plaintiff rested. Was it because it had no such testimony
present? Was it merely saving a point for error? Did it
consider the testimony immaterial, and purpose simply to ask
a decree quieting its title to the right-of-way? Had any
interference, or threat of interference in fact, been made, or
had the plaintiff simply been misinformed when it filed its
verified petition? Can we in the absence of any showing
upon these and other points hold that the court abused its
discretion in refusing to open the case? It is true, in the
motion for a new trial it is stated that the plaintiff was mis-
led by the declarations of defendant's counsel, and also by
the ruling of the court in relation to the issues. The only
evidence in support of this is to be found in this extract from
the bill of exceptions, showing what took place immediately
prior to plaintiff's resting its case:

"Plaintiff then offered the records of the company to prove
the change of name of the company, and that defendant was
a director, and had managed the construction of the road over
the land after he owned it. To this defendant objected, stating
it was not necessary, as they had not denied anything under
oath but the deed of Howard, and that it was unnecessary to
prove what was not denied. Defendant then read the affi-
davit of defendant to his answer to show what was denied.
The court then refused to permit plaintiff to read from the
records, saying it was unnecessary to prove matters that were

19—17 KAS.

not denied, and were admitted. To this the plaintiff at the time duly excepted. Plaintiff then rested."

It cannot be denied that there seems to be some foundation for the plaintiff's claim, that it was misled by the declarations of counsel, and the ruling of the court. Indeed, it is quite doubtful in our minds whether the case is not one calling for our interference. And yet, after a careful examination we are constrained to say that there is not enough to overthrow the presumption in favor of the court's ruling. The statement of defendant's counsel is not an admission of a fact or facts, or a waiver of proof, but rather an expression of an opinion as to the construction of a pleading. The terms of this answer were as fully known to one counsel as another. It was not a long, complicated pleading, but as short and simple and clear as language could make it, a general denial excepting a couple of facts. The statement of counsel was not in reference to the matters concerning which plaintiff omitted to offer testimony. And especially there is no evidence that the plaintiff was actually misled in this matter. It may have been misled; the circumstances were such as might easily have misled. But then the omission may have been intentional, or from any of the reasons heretofore suggested. Which was the truth, was not shown. We can only infer; and it is a fact which should have been positively shown. If the court had sustained the application, we might fairly have said that it was satisfied from all the circumstances, (those countless matters which can never be written down and placed upon record,) that the plaintiff was misled. As it overruled the application, we are compelled to think that it was likewise satisfied that the plaintiff was not misled. More than this: plaintiff is in possession, and having the use of the right-of-way. This decision is no adjudication, or at least can be shown from the whole record to be no adjudication against its right to the possession and use. If Dryden wishes to recover possession, he will have to establish his right by other evidence than this judgment. He may be relieved from liability for any prior trespass, but he is not

thereby given license for future wrong. Taking everything into consideration we, though with grave doubts, shall affirm the judgment.

KINGMAN, C. J., concurring.