### CAROLINE SCHAFER v. WEAVER & BILL.

DISMISSING ACTION WITHOUT PREJUDICE; *Demurrer to Evidence.* The district court, after sustaining a demurrer to evidence interposed by the defendant, and before rendering any judgment thereon, may in its discretion allow the plaintiff to dismiss his action without prejudice.

#### *Error from Elk District Court.*

THE district court, at the April Term 1877, sustained a demurrer to plaintiffs' evidence, and then on motion of plaintiffs dismissed their action, at their costs, without prejudice to a future action. *Schafer,* defendant, complains of this order of dismissal, and brings the case here.

*Scott & Bachelor,* for plaintiff in error.

*Sterry & Sedgwick,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note. The action was commenced by Weaver & Bill, the payees thereof, against Caroline Schafer, the maker thereof, before a justice of the peace. The defendant in her bill of particulars

admitted the execution of the note, but alleged that she had paid the same, and that she held a receipt for such payment. Trial was had before the justice and a jury, and a verdict and judgment were rendered in favor of the plaintiffs and against the defendant for $173.63, and costs. The defendant then appealed to the district court. In the district court another trial was had, or rather commenced, before the court and a jury. The record discloses the fact that the plaintiffs introduced evidence; but why they introduced evidence, or what this evidence was, the record does not disclose. After the plaintiffs had introduced this evidence, and rested, the defendant demurred, upon the ground that "said testimony is insufficient in law to sustain their action." The court below sustained this demurrer, and then on application of the plaintiffs dismissed their cause of action without prejudice.

We do not understand why the plaintiffs should have introduced any evidence. Upon the pleadings, if no evidence had been introduced, the judgment should have been rendered in their favor. The plaintiffs' cause of action was admitted by the pleadings; but the defendant proposed to show that such cause of action, after its creation, had been discharged by payment; and upon the defendant rested the burden of proof. But the plaintiffs nevertheless introduced evidence. And what this evidence could have been, which was so powerful as to overcome the plaintiffs' *prima facie* case, so potent as to disprove their admitted cause of action, so strong as to overturn their *prima facie* right to recover, we are at a loss to know. Possibly the plaintiffs kindly furnished the defendants with the required evidence to prove that the defendant had paid the note. Possibly they did not choose to accept the unsolicited admissions of the defendant; and then, with an over-generous kindness, furnished their adversary with ample proof to show that the note had never in fact been given, or that it was given without any consideration, or that the plaintiffs did not own the note, etc., etc. But whatever may have been the evidence, it would seem from the ruling of the court below that it was strong enough

to overturn the plaintiffs' original right to recover, if judgment had been rendered upon the pleadings alone.

The only ruling of the court below complained of by the plaintiff in error, defendant below, is the rendering of said judgment dismissing the plaintiffs' action without prejudice. The plaintiff in error claims that the judgment should have been one that would be final and conclusive between the parties; that it should have been one that would forever afterward bar any action on said promissory note. This kind of judgment would unquestionably be highly beneficial to the plaintiff in error, for it is not at all likely that the plaintiffs below would ever again be so kind as to furnish their adversary the necessary evidence to defeat their own action. Did the court below err in dismissing the plaintiffs' action without prejudice? We think not. The action of the court in such cases rests almost entirely within the sound judicial discretion of the court; and unless the supreme court can see that the trial court has abused its discretion, no reversal can be had. Where a demurrer to evidence is submitted to the court, the submission is only conditionally final. It is final upon the condition that the court shall sustain the demurrer, and shall not in its discretion choose to reopen the case for the admission of other evidence, or for the dismissal of the action without prejudice. (*St. Jos. & D. C. Rld. Co. v. Dryden,* 17 Kas. 278, 280, et seq.; *K. P. Rly. Co. v. Couse,* 17 Kas. 571, 572.) If however the court shall overrule the demurrer, or if the court in its discretion shall reopen the case for the admission of evidence, or for the dismissal of the action without prejudice, then the submission is not final, or at least the action of the court thereon is not final. According to the decisions above cited, a party against whom a demurrer to evidence has been sustained cannot as a matter of right claim to have the case reopened for the introduction of additional evidence, or for the dismissal of the action without prejudice. So far as his *rights* are concerned, the decision is final; but still he may appeal to the *discretion* of the court. It would be a bad law that would so tie the hands

of a trial court that it could not in any case reopen the case
after sustaining a demurrer to evidence. Injustice would
often be done to parties through the carelessness, oversight,
inadvertence, or incompetency of their counsel. It would
also be a bad law that would allow parties to experiment with
the court, by waiting until the court should render its de-
cision on a demurrer to evidence, before asking to be allowed
to introduce additional evidence, or to dismiss the action
without prejudice. Hence the court should be allowed a
broad and extended discretion in the matter. It will be
noticed that no judgment was ever rendered upon the de-
murrer in this case; that as soon as the court announced its
decision upon the demurrer, the plaintiffs asked to dismiss
their action without prejudice, and that the court permitted
them to do so, and that the only judgment rendered in the
case by the court below was the one dismissing the plaintiffs'
action without prejudice, and for costs. The plaintiff in
error relies upon the following statute, to-wit:

"The party on whom rests the burden of the issues, must
first produce his evidence; after he has closed his evidence,
the adverse party may interpose and file a demurrer thereto,
upon the ground that no cause of action, or defense, is proved.
If the court shall sustain the demurrer, such judgment shall
be rendered for the party demurring, as the state of the
pleadings, or the proof, shall demand."—[Laws of 1872, page
329, § 1, sub. 3.

In the present case the party on whom *did not rest* the
burden of the issues first produced their evidence, and then
the party on whom *did rest* the burden of the issues demurred.
And if it was a fact "that no cause of action or *defense*" was
"proved," as the defendant must necessarily claim under this
statute, and under their demurrer, then the only judgment that
could have been rendered in the case, upon the "pleadings"
and "the proof," would have been a judgment in favor of
the plaintiffs below for the full amount of their claim. No
judgment could have been rightfully rendered for the defend-
ant under such circumstances. There is no statute prohibit-
ing dismissals such as we are now considering. And the only

20—20 KAS.

statute that we think has any application thereto reads as follows:

"An action may be dismissed, without prejudice to a future action: *first*, by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."—[Gen. Stat. 704, sec. 397.

Now, is the submission of a demurrer to the court, in an action *being tried by a jury*, a final submission of the case "to court, *where the trial is by the court?*" And if not, may not the plaintiff, at any time before the final judgment upon the demurrer, dismiss his action without prejudice? But, as we have already stated, the "submission" in such a case, is never an absolutely "final submission of the case." The finality of the "submission of the case" always depends upon whether the demurrer shall be sustained or not, and probably also upon whether the court shall in its discretion render a 'judgment upon the demurrer, instead of reopening the case for additional evidence, or for a dismissal of the action without prejudice.

The judgment of the court below will be affirmed.

BREWER, J., concurring.