ALBERT S. ASHMEAD v. FLORENCE M. ASHMEAD.

DISMISSAL OF ACTION; *Practice; Discretion of Court.* After a case has been finally submitted to the jury or the court, the plaintiff has no right to dismiss the action without prejudice to a future action; but, while all legal right on the part of the plaintiff has ended, the court may, in its discretion and to prevent injustice and wrong, permit the plaintiff to recall such submission, and dismiss without prejudice; and in such case the action of the court, unless it has abused its discretion, is no ground of error.

*Error from Doniphan District Court.*

ACTION for divorce. At the September Term, 1879, of the district court, *Florence M. Ashmead*, as plaintiff, had judgment

against *Albert S. Ashmead,* as defendant, who brings the case to this court.

*Albert Perry, N. Price,* and *N. B. Wood,* for plaintiff in error.

*Franklin Babcock,* and *Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action for divorce. After the testimony had been received, and the case taken under advisement, the plaintiff moved the court for leave to dismiss her action without prejudice. Defendant objected, and insisted that judgment be rendered upon the merits, but the court sustained the motion, and permitted the plaintiff to dismiss without prejudice. Was this error? We have not before us the testimony upon which the court acted in sustaining this motion. We must therefore presume it sufficient, if the court had the power to grant such a motion. It will be conceded that after the final submission of the case, the plaintiff had no right to a dismissal without prejudice. Up to that time she had such right, and could exercise it of her own option, without the consent of the defendant or the permission of the court. At that time her rights in that respect ceased. But has not the court the power in its discretion to permit a plaintiff, even after the final submission, to recall that submission and dismiss without prejudice? It would be both strange and harsh, if such power did not exist. Oftentimes, by some oversight or forgetfulness, the plaintiff omits some essential portion of his testimony. Is the court powerless to afford him relief? It is constant practice to open a case for additional testimony. Even after a jury has retired to consider of its verdict, the court may recall it, and open the case for future evidence. All this, it is true, rests within the discretion of the court, and is not a right of the party. Here the court exercised its discretion, and we cannot say that there was any abuse of such discretion. The case of

*Schafer v. Weaver*, 20 Kas. 295, is in point. The question there arose, it is true, after a demurrer to the evidence had been sustained, but the principle is the same.

The judgment will be affirmed.

All the Justices concurring.