JAMES E. DRYDEN v. THE ST. JOSEPH & DENVER CITY RAILROAD COMPANY.

1. ERROR, *Immaterial.* Where a party is not entitled to recover damages under any theory, it is immaterial to him whether the court errs or not as to its theory for computing or measuring the damages.

2. ADJUDICATION; *What is Not Such.* The refusal of an injunction upon the ground that the defendant is not likely to do the thing sought to be enjoined, is no adjudication that the property, which the plaintiff desired to have the defendant enjoined from disturbing, does not belong to the plaintiff.

*Error from Doniphan District Court.*

ACTION brought by *Dryden*, against *The St. Joseph & Denver City Rld. Co.*, for the assessment of damages for a right of way over plaintiff's land. Trial at the September Term, 1876, of the district court, and judgment for the defendant. The plaintiff brings the case here.

Nathan Price, and *Albert Perry*, for plaintiff in error.
*Doniphan & Reed*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a proceeding commenced by James E. Dryden, against the St. Joseph & Denver City Railroad Company, for the assessment of damages for a right of way over Dryden's land, which right of way had previously been taken and occupied by the railroad company. The right of way had been taken as early as 1860, but this proceeding was not commenced until July, 1875. It was commenced under section 87 (as amended in 1870) of chapter 23, of the General Statutes. (Comp. Laws of 1879, p. 231.) After an assessment of damages was made by the commissioners, and an appeal to the district court by the railroad company, the case was tried in the district court before a jury, and the verdict of the jury, and the judgment of the court, were rendered in favor of the railroad company, and against the plaintiff, Dryden. Dryden then brought the case to this court for review. In this court, his counsel say :

"There are only two questions which we desire to present : First, error in the court in confining the testimony as to damages to the time when the land was appropriated ; second, in refusing to permit Dryden to show a former adjudication in his favor, of the questions set up in defense."

I. With reference to the first question, we would say that we think it makes but very little difference whether the court erred or not with regard to damages. The plaintiff was clearly not entitled to damages upon any theory of computing or meas-

uring them, for the railroad company had purchased its right of way, and had procured a deed of conveyance therefor from the plaintiff's grantor, and had taken possession of the property long before the plaintiff obtained any interest in the land. If the plaintiff had been entitled to any damages, he should have recovered $2,500 in this case, for the court permitted him to prove damages, and he himself testified that he had been damaged $2,500; and there was no evidence contradicting this testimony, except that evidence which showed that the right of way over the plaintiff's land had been conveyed to the railroad company by the plaintiff's grantor long before the plaintiff himself purchased the land. If the plaintiff was entitled to recover any damages under his own theory, then he was entitled to recover $2,500 damages under the evidence which he introduced by the permission of the court. But the jury found against him; and they evidently found against him, not on account of any error in computing damages, or measuring them, but because the railroad company had procured the right of way from the plaintiff's grantor, before the plaintiff purchased the land; and there was no room for the jury to find otherwise. The evidence clearly showed that there was a conveyance of the right of way by the plaintiff's grantor to the railroad company, before the plaintiff purchased the land, and there was no evidence to the contrary. The verdict of the jury was right, and any other verdict would have been erroneous. There is no complaint concerning the instructions of the court to the jury. They are not contained in the record, but it must be presumed that they were at least fair toward the plaintiff.

II. As to the second question, we would say that the plaintiff desired to prove said supposed "former adjudication" by introducing in evidence the record of a former case between these same parties. That case was also brought to this court, and it will be found reported in 17 Kas. 278. It is entitled "*St. Jos. & D. C. Rld. Co. v. Dryden.*" Now the decision of that case was not an adjudication of any of the questions involved in this case. The decision in that case was an ad-

judication that Dryden was not about to disturb the railroad company in its use of said right of way. But it was not an adjudication concerning the ownership of such right of way. The decision assumed that the right of way belonged to the railroad company, but also held that Dryden was not about to interfere with the railroad company's use of the same. And for this reason the court refused to grant an injunction in favor of the railroad company to restrain Dryden from molesting the railroad company in its use of the right of way. It was said at the time, that the decision was no adjudication of the railroad company's right to use the right of way. Mr. Justice BREWER, in delivering the opinion of the court, used this language: "More than this, plaintiff [the railroad company] is in possession, and having the use of the right of way. This decision is no adjudication; or at least it can be shown from the whole record to be no adjudication against its right to the possession and use. If Dryden wishes to recover possession, he will have to establish his right by other evidence than this judgment. He may be relieved from liability for any prior trespass, but he is not thereby given license for future wrong." (17 Kas. 282, 283.)

The judgment of the court below will be affirmed.

All the Justices concurring.