THE NATIONAL HOTEL COMPANY v. THE CRANE BROTH-
ERS MANUFACTURING COMPANY *et al.*

1. PRACTICE—*Dismissal Without Prejudice.* Where a trial court has sus-
tained a demurrer to the evidence, and also heard and overruled a
motion for a new trial, it may still, in the exercise of a sound judicial
discretion, dismiss the case without prejudice to a new action.

2. ERROR, *When — When not.* In any case where a trial court dismisses
an action pending before it, without prejudice to a new action, such
action on the part of the trial court is not erroneous, unless it can
be said that such action constitutes an abuse of discretion.

*Error from Saline District Court.*

THE opinion, filed December 10, 1892, contains a sufficient
statement of the facts.

*Garver & Bond,* for plaintiff in error:

Can an action, with leave of the court, after the sustaining
of a demurrer to the evidence and the making and overruling
of a motion for new trial, be dismissed by the plaintiff, over
the objections of the defendant, without prejudice to a future
action?    We contend that, after a party to an action has ex-
hausted all means of contesting it in the court, and nothing
remains but the formal entry of the final decision, he cannot
deprive the opposite party of the advantages gained in that
litigation by a dismissal of his case.    Under the decisions of
this court, we presume it must be accepted as the law of this
state that, in the discretion of the court, an action may be dis-
missed without prejudice to a future action after the filing of
a demurrer to the evidence, and even after the court has an-
nounced that such demurrer would be sustained. *St. J. & D.
C. Rld. Co. v. Dryden,* 17 Kas. 278; *Schafer v. Weaver,* 20 id.
394.

When a motion for a new trial is submitted by the losing
party in an action, which motion is overruled by the court,
then the case has not only been finally submitted but has been
finally decided.    If so, then the court has no authority at that

stage to permit a case to be dismissed.   If it can, the statute is meaningless, and there can be no such thing as the final submission of a case, when the evidence of the plaintiff is not sufficient to put a defendant upon his defense.

When a motion for a new trial has been overruled, the case has reached that stage when, in the language of the statute, "the decision must be upon the merits."   The formal entering of the decision or judgment is a mere ministerial act. The judgment is rendered when judicially pronounced by the court.   Black, Judgm., § 106.

Under a similar statute, the supreme court of Iowa held that the court had no right to grant leave to a plaintiff to dismiss his action after the submitting of the case upon the evidence to the court.   *McArthur v. Schultz,* 43 N. W. Rep. 223.

*Chas. A. Hiller,* for defendants in error:

The argument of the plaintiff in error, in this case, is devoted almost entirely to the statutory right of a plaintiff to dismiss his own action, while the question presented by the record involves the discretionary power of the court to allow the dismissal of a cause, after the statutory right no longer exists.   The distinction has been clearly recognized by this court in the cases cited by the plaintiff in error, and also in *Ashmead v. Ashmead,* 23 Kas. 263; *Mason v. Ryus,* 26 id. 464.

The practice of moving for a new trial, after a demurrer to the evidence is sustained, is necessary to save exceptions to the ruling.   *Gruble v. Ryus,* 23 Kas. 195; *Morris v. Evans,* 39 id. 668; *Lett v. K. C. Ft. S. & G. Rld. Co.,* 42 id. 293.

The case of *McArthur v. Schultz,* 43 N. W. Rep. 223, was decided upon the statutory right of dismissal claimed by the plaintiff, and nothing is said about discretion.

But besides the injustice involved in the argument of the plaintiff in error, other well-settled principles apply to this case.   The whole term of court is considered as one day.

Bouv. Law Dict., title, "term;" Black, Judgm., § 153; *Wohl-merstadt v. Jacobs*, 61 Iowa, 372.

The old rule of equity practice in England qualified the plaintiff's right to dismiss by the condition that the order worked no substantial injustice to the defendant. *Stevens v. Railroad Co.*, 4 Fed. Rep. 109. No such injury is shown, and the legal presumption is against it, and that the discretion of the court was rightly exercised.

Opinion by STRANG, C.: This action was commenced in the district court of Saline county by Crane Brothers Manufacturing Company against J. F. Burrows and the National Hotel Company, on an account against said J. F. Burrows for goods sold and delivered to him, and to have the judgment obtained against Burrows declared a lien on the property of the hotel company in which the goods were kept and used. When the case came on for trial, the plaintiff introduced its evidence and rested. The defendant, the National Hotel Company, demurred to the evidence, which demurrer was sustained. The plaintiff filed a motion for a new trial. This motion was overruled. The plaintiff then asked leave of the court to dismiss its action without prejudice. The court thereupon dismissed the case without prejudice to a new action, over the objection of the defendant, the hotel company, which saved an exception and made a case for this court.

There is but one question here, and that is based upon the action of the court below in dismissing the case without prejudice. It is alleged by the plaintiff in error that the court had no power to dismiss the case without prejudice, after a demurrer to the evidence had been sustained and a motion for a new trial had been overruled. He cites the statute upon the subject, as follows:

"An action may be dismissed without prejudice to a future action: First, by the plaintiff before the final submission of the case to the jury, or to the court when the trial is by the court. . . . Sixth, in all other cases, upon the trial of the action the decision must be upon the merits."

The plaintiff here insists that the case had been finally submitted before it was dismissed by the court, and therefore the court was without power to dismiss the case except with prejudice to a new action. Under the law of this court, we do not think the plaintiff had a right to dismiss his action at the time it was dismissed by the court. But that is not the question in this case. The question is, had the court power to dismiss the case without prejudice at the time it exercised that power? This court has already gone a long way towards the settlement of this question, if, indeed, it has not quite done so. In *Ashmead v. Ashmead*, 23 Kas. 262–264, this court, by Mr. Justice BREWER, says:

"It will be conceded that, after the final submission of the case, the plaintiff had no right to a dismissal without prejudice. Up to that time she had such right, and could exercise it at her own option without the consent of the defendant or the permission of the court. At that time her rights in that respect ceased. But has not the court the power in its discretion to permit a plaintiff, even after the final submission, to recall that submission and dismiss without prejudice? It would be both strange and harsh if such power did not exist. All this rests within the discretion of the court, and is not the right of a party. Here the court exercised its discretion, and we cannot say there was any abuse of such discretion."

In the case at bar, the court exercised its discretion, and we cannot now say its action was erroneous without declaring such action an abuse of discretion. There is nothing in the record that would justify this court in concluding that the trial court abused the discretion lodged therein by dismissing this case. For further authority on this question, see *Mason v. Ryus*, 26 Kas. 464; *Schafer v. Weaver*, 20 id. 294.

It is therefore recommended that the case be affirmed.

By the Court: It is so ordered.

All the Justices concurring.