HELEN M. DICKERMAN v. D. M. CRANE *et al.*

### No. 363.

PRACTICE, DISTRICT COURT—*Right to Dismiss.*   After a final submission of a case to a court or jury, the plaintiff has no legal right to dismiss his case without prejudice.   It is a matter resting in the sound discretion of the court, and its ruling will not be reversed unless it appears that such discretion has been abused.

Error from Labette district court ; A. H. SKIDMORE, judge.   Opinion filed May 17, 1899.   Affirmed.

*Wm. H. Clark*, for plaintiff in error.

*A. D. Neale*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : The plaintiff in error commenced this action in the district court of Labette county on a note and mortgage, praying for judgment on the note and foreclosure of the mortgage. The defendants answered and the plaintiff replied. At the trial the defendants demanded a jury to answer such special questions of fact as the court might submit. The plaintiff in error submitted twenty-five special questions and the court submitted four, which were answered by the jury, accepted by the court and entered of record, and the jury discharged. The plaintiff filed her motion to set aside the special findings, and asked judgment on the special findings. The defendants filed their motion for judgment on the special findings. The record contains the following entry :

"Now, on this 26th day of February, A. D. 1895, this cause came on for hearing upon the motion of the plaintiff, Helen M. Dickerman, to set aside the special findings of the jury heretofore made in this case. Plaintiff appeared by William H. Clark, her attorney, and defendants appeared by Leroy Neale & Son, their attorneys ; and the court having heard said motion, the argument of the respective counsel, and being fully advised in the premises, doth overrule and deny said motion, to which ruling and decision of the court plaintiff duly excepted and excepts ; and, thereupon, said plaintiff moved the court to dismiss said cause without prejudice, which motion was by the court overruled and denied, and to which ruling and decision of the court plaintiff duly excepted and excepts.

"Thereupon, said cause came on for hearing upon the motion of plaintiff for judgment upon the special findings of the jury ; and the court having heard the motion, the argument of the respective counsel, and being fully advised in the premises, doth overrule

and deny said motion, to which ruling and decision of the court the plaintiff duly excepted and excepts.

"And thereupon, and on the same day, said cause came on for hearing upon the motion of defendants for judgment upon the special findings of the jury heretofore found and returned herein; and the court having heard said motion, the argument of the respective counsel, and being fully advised in the premises, doth sustain said motion; and thereupon, the court doth order, adjudge and decree that plaintiff's said mortgage be, and hereby is, canceled and held for naught, that said defendants have and recover of and from said plaintiff the costs herein, taxed at $109.75, for which execution is awarded; to which ruling, decision and judgment of the court plaintiff duly excepted and excepts."

Plaintiff in error presents but one question, Did the court err in overruling plaintiff's motion to dismiss? Section 4493, General Statutes of 1889 (Gen. Stat. 1897, ch. 95, § 393), provides: "An action may be dismissed without prejudice to a future action: First, by the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court." Upon the facts in this case, we conclude that there was such a submission of the issues as would prevent the plaintiff, as a matter of right, under the statute, from dismissing the case without prejudice. The evidence was closed; the jury had returned their findings; the case was ready for judgment. This is a final submission, and the plaintiff's right to dismiss at that time without prejudice rested in the discretionary power of the trial court. (*St. Jos. & D. C. Rld. Co. v. Dryden*, 17 Kan. 278; *Schafer v. Weaver*, 20 id. 294; *Mason v. Ryus*, 26 id. 464; *Ashmead v. Ashmead*, 23 id. 262.)

There was no abuse of discretion. The judgment of the district court is affirmed.