HANDSEL A. ABBOTT v. L. FERN ABBOTT.
**No. 13,137.**  (75 Pac. 1040.)

Error from McPherson district court; M. P. SIMPSON, judge. Opinion filed March 12, 1904. Affirmed.

*Frank O. Johnson, G. A. Vandeveer,* and *F. L. Martin,* for plaintiff in error.

*Grattan & Grattan,* for defendant in error.

*Per Curiam :* This action was brought by Cora Belle Abbott and L. Fern Abbott against Handsel A. Abbott to recover 400 bushels of wheat or $200, its value. Before the cause was finally submitted, Cora Belle Abbott dismissed the action as to herself, without prejudice, over the objection of the defendant. L. Fern Abbott recovered judgment, and defendant prosecutes this error.

This action was brought and prosecuted, up to the time Cora Belle Abbott dismissed, upon the theory that Cora Belle Abbott was the owner of the west half of the southwest quarter of section 18, township 21, range 1, in McPherson county, and that L. Fern Abbott was the owner of the east half of the southeast quarter of the same section; that this land had been rented in 1889 for a share of the crop, and the wheat in question was the landowner's share of this crop. Cora Belle Abbott failed to establish her ownership of the land claimed by her, and before final submission dismissed her action.

The cause was tried, and the jury returned answers to the following questions:

"Ques. 1. How many bushels of wheat, if any, did the defendant Handsel A. Abbott, get off the east one-half of the southeast quarter of section 18, in question? Ans. 400 bushels.

" Q. 2. Was there a contract with the tenant on the east one-half of the southeast quarter of section 18, as to share of wheat landlord was to have of the wheat harvested in 1900? A. Yes.

" Q. 3. If you answer question 2 in the affirmative, then what was such share under said contract? A. One-third.

" Q. 4. How many bushels of wheat was the landlord entitled to under such contract? A. 400 bushels."

Judgment was rendered for plaintiff L. Fern Abbott.

The first error is predicated upon the order of the court dismissing the action as to Cora Belle Abbott without prejudice. Such procedure is authorized by subdivision 1 of section 4846 of the General Statutes of 1901, when done before final submission to the court or jury. (*Ashmead v. Ashmead,* 23 Kan. 262.)

Both parties claimed through G. B. Abbott—the plaintiff as the owner of the land through a conveyance from him; the defendant as a purchaser of the wheat from G. B. Abbott. There is no evidence in the record tending to show that defendant had made such purchase. The deed to L. Fern Abbott was signed and acknowedged March 14, 1887, and recorded October 6, 1899. The crop in question was harvested in 1890. There was some question as to the time of the delivery of the deed, but it appears to have been delivered before being recorded.

On the question as to whether growing crops pass with the title to the land, in the absence of a special reservation, the court instructed the jury as follows:

"Upon the question of ownership of growing wheat, while it is growing upon the land, I instruct you that a sale or transfer of the title to the land, without any reservation as to the growing crops, carries with it the ownership in the crops growing thereon at the time of the transfer of the title to the land."

It is argued that this instruction is misleading and not applicable to this case, for the reason that the lands were occupied by a tenant when the deed was delivered; therefore, that the rule stated does not apply. The only part of the crop in question was the landlord's portion. This was understood by the litigants and the jury, and it could not have misled the jury as to that portion. The instruction correctly states the law.

There was no error in the admission or exclusion of evidence, and the jury found all of the disputed facts, on sufficient evidence, for the plaintiff.

The judgment is affirmed.