Price, C. J .
The plaintiff in error asserts and discusses two points of error for either of which he claims the judgment of the circuit court should be reversed.
(1) That the court of common pleas erred in sustaining the motions of the defendants for a verdict in their favor at the close of the plaintiff’s evidence, especially did it err in directing a verdict for The Baker Motor Vehicle Company, there being sufficient evidence to warrant a recovery against it.
(2) That the trial court erred in so directing a verdict for defendants, after the plaintiff had dismissed his action as to both defendants.
One of the answers made to the first point is, that the bill of exceptions considered by the circuit court does not purport to contain all the evidence adduced at the trial, and for that reason that court could not review the case on the weight *160 of the evidence. There is much force in this position, for the record is silent on the subject. It contains the connected testimony of the several witnesses called for the plaintiff, and then the record is: “Thereupon plaintiff rested his case with the understanding that they could call Doctor Copeland when he came in to testify as to the nature and extent of plaintiff’s injuries.” There is no other reference as to what the bill contains, and it does not affirmatively appear that it contains all the evidence introduced. But if we. look at the judgment entry of the circuit court, it may well be inferred that it considered the bill of exceptions, for it says: “This cause came on to be heard upon the pleadings and the transcript of the record in the court of common pleas and was argued by counsel, and on consideration of all the assigned errors, the judgment of the said court of common pleas is affirmed.” One of the errors assigned and to which the judgment responds is: “Said court (common pleas) 'erred in directing the jury to return a verdict for the defendants in error.” Therefore, there is nothing in the record to show that the lower court refused to review the case on the weight of the evidence, but the language of the judgment indicates the contrary. If that court had refused to consider the case on the weight of the evidence, it could find its justification in the absence of the important certificate or record declaration, that the bill contains all the evidence introduced at the trial. If it rightfully considered the bill as to the sufficiency of the evidence, the question is made, did the trial court err in directing a verdict for defendants? *161 To meet the entire position of plaintiff in error, and on account of the conflicting claims made by counsel, we have examined the evidence involved in the motions for verdicts, and we are not persuaded that error was committed in sustaining them. In argument, counsel for plaintiff below conceded that the evidence failed to make a case against The Pope Motor Car Company, and consent was offered that the court direct a verdict in its favor. As to The Baker Motor Vehicle Company, the same counsel opposed a directed verdict, “because,” as the record shows, “this plaintiff has a right to bring his action against the party that did enter and control (the other car) jointly with the Baker. And I am asking that as to the Baker this action may be dismissed without prejudice.” It does not appear that counsel relied on the sufficiency of the evidence as to The Baker Motor Company.
The plaintiff’s evidence tended to prove that an automobile race was being conducted at the driving park — a ten mile race on a one mile track; that The Baker Motor Vehicle Company entered and controlled the car which injured the plaintiff, who was a spectator or patron of the contest. The other car, then supposed to be controlled by the other defendant, The Pope Motor Car Company, on the fourth or fifth round of the race, ran into, or collided with The Baker Motor Vehicle Company’s car, the result of which was that the latter turned directly across the track and through the fence between it and the spectators on the ground, thus striking Turner and doing him great bodily injury. There was nothing to show why the car *162 was forced in that direction, or what did it. If it was disabled by the collision and put beyond control of its driver, it would seem to be the fault of the driver of the other machine. There is nothing definite or satisfactory in the evidence as to how or why the car ran upon the plaintiff, and it did not tend to establish the material allegations of negligence made in the amended petition. Hence, if the circuit court did weigh the evidence, we are not convinced that it erred in its conclusions. Indeed, counsel for plaintiff appeared cognizant of the weakness of his case, for he insisted on his right to dismiss the action without prejudice as to The Baker Motor Vehicle Company, while he was willing that the court might direct a verdict in favor of The Pope Motor Car Company.
(2) The second point involves an important question of practice, inasmuch as the plaintiff in error, under the provisions of Section 5314, Revised Statutes, sought to dismiss without prejudice to a future action. The section reads, in part: “An action may be dismissed without prejudice to a future action — 1. By the plaintiff before the final submission of the case to the jury, or to the court, when the trial is by the court.”
In considering this statute, it is well to recall the status of the case when the right to dismiss was asserted. The plaintiff had rested his case. Immediately each defendant moved the court to direct a verdict in its favor. The record is silent concerning arguments on the motions. Next in order is the decision of the court: “The motion is sustained as to The Pope Motor Car Company for default of proof of its having entered a car. *163 That must be sustained. There is nothing to show that this car was operated by anybody in the employ of The Pope Motor Car Company, and that it owned the car. I find there is no negligence shown against either of these companies, and the motion as to both will be sustained.” As to The Pope Motor Car Company, it is clear that the motion was promptly sustained, and that was directly followed by the finding that no negligence had been shown against either of the companies, and that as to both the motion “will be sustained.” The court had reached and announced its conclusion, and while the words are, “will be sustained,” we think they mean that the decision was then made. No further consideration of the motions was intimated. The way to decision was clear. Neither argument or time to further deliberate was hinted at, or deemed necessary. After the court had thus taken and announced its position, counsel asked a moment for consultation, which was allowed, and at its expiration, as seen in our statement of this case, he expressed his willingness that the motion for verdict in favor of The Pope Motor Car Company be sustained, but as to the other defendant, the decision should be different. Then counsel said: T am asking that as to the 'Baker’ this action may be dismissed without prejudice.”
The subject or the proposed dismissal was then discussed by counsel, upon the conclusion of which the court recessed until the next morning. On convening of court, counsel again took up the subject, and said: “The plaintiff * * * dismisses this case as to both defendants without prejudice,” *164 and cited the statute on the subject, and the right to so dismiss was again argued. The court refused to enter the dismissal, but directed the jury to return a verdict for the defendants.
There was no request to withdraw a juror and continue the case; no leave to amend the pleadings or make new parties defendant; and no request that the case be opened up for further testimony or proceedings. The case had already been submitted to the court on the motions for verdicts, and on them the trial was to the court who had heard and determined them, and the time had gone by for the plaintiff to exercise the* right of dismissal. The cause had been submitted to the court and its judgment invoked. If the court had the power to exe'rcise discretion on the subject, we cannot find that the discretion was abused in refusing to enter the dismissal at so late a stage in the proceedings.
Other states have similar code provisions as to the right of dismissal of an action, and decisions of the highest courts of some of such states are cited in the brief of plaintiff in error. Holding the light of the foregoing facts before us, we will examine those cases.
First in order is Harris v. Beam et al., 46 Ia., 118. The head-note reads: “A case is not finally submitted to the jury, within the meaning of Section 2844 of the code, until they have been directed to proceed to the consideration of their verdict, and it may be dismissed without prejudice after the completion of the charge of the court.” The suit was upon a bond of which the plaintiff claimed to be the owner. After the evidence was intro *165 ducecl and the arguments of counsel were concluded, the court, in substance, instructed the jury that plaintiff had introduced no proof that he was the owner of the claifii sued on, and the verdict must be for the defendant. Thereupon the plaintiff offered to dismiss his action. Defendant objected, the objection was overruled and the action was dismissed. In deciding the case on appeal, the supreme court of that state said: “In every case finally submitted there must be some moment of time in which the condition of being finally submitted is assumed. Ordinarily there is no difficulty in determining whether or not a case has been submitted. But the difficulty increases with the approach to the time which marks the line of demarcation between a case finally submitted and one not finally submitted, and becomes greatest when that precise time is reached. If the last word of the court’s charge to the jury had not been read, it would probably be conceded that no final submission had occurred. But as the charge had been fully read, it is claimed nothing further remained for court or counsel to do, and that the cause was finally in the hands of the jury. This case presents the question, perhaps, in the most difficult light of which it is susceptible.” The court then discusses Hays v. Turner, 23 Ia., 214, and continues: "But that is not a parallel case. In that case the trial was by the court. The court .had found the facts and had announced the conclusions of law and was about to pronounce judgment. The cause had been finally submitted to the court, and the court had acted upon it to.the extent of finding and settling both the facts and *166 the law. The case was in the same position as a cause tried by jury after the return of the verdict. It is quite clear that in that case it was too late for the plaintiff to dismiss.” We. think Hays v. Turner, supra, an authority here, for there had been a submission of the cause to the court and on the all-important motions for verdiets. The court had found the facts and announced its conclusions of law in this case, and the formal return of a verdict to comply with the judgment of the court was not essential to a final submission. The evidence had been demurred to and the demurrer sustained, and it remained for the jury to obey that judgment and concur with the court.
Mullen v. Peck, 57 Ia., 430, is another case cited. That was a trial by jury and it presents a situation very different from the case at bar, but follows the doctrine of Harris v. Beam et al., supra.
In chronological order, while it is not cited by plaintiff in error, we find McArthur v. Schultz, 78 Ia., 364, which is part of the pronounced law of that state. On page 366, the court says of the third proposition involved: “It only remains to say whether upon the record, as shown in appellant’s abstract, the court erred in permitting the plaintiff to dismiss at the time he did. The case was fully tried and submitted on November 20, and on November 21 the plaintiff was granted leave to withdraw all his claim except ten dollars interest on the incumbrance, without prejudice. Code, Section 2844, provides that actions may be dismissed-‘by the plaintiff before the final submission of the *167 case to the jury, or to the court, when the trial is by the court.’ This is construed to be equivalent to a denial of a right to dismiss after such submission. (Certain cases cited.) If we were, to consider the judge’s certificate, it only shows that upon the final submission of the cause plaintiff’s attorney reserved the right to dismiss without prejudice, in the event the court decided against him. Such a practice cannot be sustained.”
The case of Morrissey v. Railway Co., 80 Ia., 314, seems to be the strongest case in support of the contention of plaintiff in error. It is there held that: “Under Section 2844 of the code, providing that a plaintiff may dismiss his action ‘before the final submission of The case to the jury, or to the court, when the trial is by the court/ plaintiff had a right to dismiss after the defendant had moved for an order for a verdict on plaintiff’s evidence, and the court had intimated that it would sustain the motion, but had made no entry to that effect, and had not yet directed the jury to return a verdict; for as yet there was not a final submission of the case.” And Harris v. Beam, supra, is cited as authority. We cannot concur in the reasoning of the court, where it is said on page 315: “Surely the submission of the motion was not a submission of the case to the court, for whether the motion was overruled or sustained, it remained to submit the case to the jury for verdict.” The fallacy of such conclusion is in attaching ultimate importance to the verdict of the jury in such a case. We again say, that the finding and judgment of the court on the motion is the determining *168 authority and the directed verdict is compliance with the forms of practice.
In Oppenheimer Bros. v. Elmore, 109 Ia., 196, the subject was again considered and former rulings followed. The court says on page 198: “Defendant’s counsel have cited a number of cases from the Supreme Court of Kansas, holding that the action of the trial court under such a statute is discretionary, and will not be interfered with on appeal. We have adopted a different rule, and, as it is a rule of practice our own decisions must govern.”
Chicago, M. & St. P. Ry. Co. v. Metalstaff et al., 101 Fed. Rep., 769, decided by U. S. Court of Appeals of the eighth circuit, and cited by plaintiff in error, simply holds that the federal courts will usually conform to the rules of practice established by the courts óf the state in which the- federal court is sitting, and that it followed the practice of the courts in Missouri as to the time a plaintiff might dismiss his action. The Court of Appeals declared no rule of its own, but followed the long settled practice in that state.
To the same effect are Colorado Fuel & Iron Co. v. Menapace, 64 Pac. Rep., 584; Gassman v. Jarvis, 94 Fed. Rep., 603; and Howe et al. v. Harroun, 17 Ill., 494, cited in brief of plaintiff in error. On the same line is Vertrees’ Admr. v. Newport News Co., 95 Ky., 314.
But there is an array of cases where adverse holdings are made. Kansas is a code state, and its statute touching the point here at issue is similar to our own. In St. Joseph & Denver City R. R. Co. v. Dryden, 17 Kans., 278, Brewer, J., *169 stated the question to be, whether the district court abused its discretion in refusing to open up a case and permit the plaintiff to offer further testimony after it had sustained a demurrer to the evidence. The court refused permission, and then the plaintiff moved for leave to dismiss the action without prejudice, but the court overruled the-motion and rendered judgment in favor of defendant for costs. Among other things the court say, on page 280: “Where a demurrer to the evidence is sustained, the case is ready for judgment. It has been finally submitted to the court, and the plaintiff has no more right to dismiss than he has after a verdict is rendered. The case is decided, and the plaintiff has no right to avoid that decision by a dismissal.”
In State v. Scott, 22 Neb., 628, it is held: (1) that under the practice of that state (code provision), “the plaintiff cannot as a matter of right dismiss an action after the final submission of the case to the court.” (2) “Where a cause was submitted to the court on a demurrer to the petition and a decision rendered sustaining the demurrer, but no opinion filed, and afterwards and before the preparation of the opinion, the plaintiff attempted to dismiss the action, to which the defendant objected: held, that the attempt to dismiss was unavailing, and that the cause having been finally submitted, final judgment in the case would be rendered.” The provision of the Nebraska code is the same as in this state. In fact, the court say in the opinion, page 639, that it was, “Copied verbatim from Section 372 (old number) of the Ohio code,” and refers to its construction as *170 found in Beaumont et al. v. Herrick, 24 Ohio St., 446, of which we will speak again. In Bee Building Co. v. Dalton, 68 Neb., 38, the Supreme Court of Nebraska again passed on the question. Dalton sued the Bee Building Company to recover damages for a personal injury. A jury was empanneled to try the issues, and the plaintiff having submitted his case, defendant moved the court to direct a verdict in its favor on .the ground that there was neither averment or proof of an actionable wrong. The motion was sustained, but before the peremptory instruction could be given, the plaintiff asked that the case be dismissed without prejudice, and his request was granted by the trial court. The supreme court held this to be error. In the opinion by Sullivan, C. J., is found a forceful statement of the law of that case. On page 40, it is said: “The contention of counsel for plaintiff is that the trial was to the jury and that there could be no submission of the case until the jury had complete authority to deal with it. This argument is plausible, but we cannot believe that it is sound. It is true,- a jury was empanneled, but it is equally true that the case was tried by the court, and not by the jury. The case was submitted on. an issue of law and the determination of that issue eliminated the jury and ended the controversy. After it had been adjudged that the plaintiff had no case, and that there was no issue of fact to be decided, the direction, reception and recording of a verdict would have been mere ceremonial acts. These acts would, we know, be in accordance with conventional procedure; they would satisfy the requirements of judicial formalism,' but *171 they would be .as useless and idle, and almost as absurd, as the archaic practice of withdrawing a juror in order to secure a continuance. To direct a jury to return a verdict in favor of the defendant would have been to command the triers of fact to ratify a decision already made by the court upon a question of law. When the legislature, in Section 430, spoke of ‘the final submission of the case to the jury,’ it must have had in mind the submission of a disputed question which might be resolved by the jury in favor of either party. In this case there was no issue of fact: the court so decided. * * * . In every such case, the judgment rests not on a decision of a question of fact, but wholly and exclusively upon the decision of a question of law. When it was determined that the plaintiff had failed to 'make a case, the court might, without taking from the jury a meaningless verdict, have proceeded at once to render judgment in favor of defendant. To be sure', the procedure would not be according to established usage, but it would be legal and logical and in harmony with modern methods of transacting business. * * * Indeed, the very essence of a decision sustaining a demurrer to evidence is a denial of the litigant’s claim that he is entitled to a jury trial.”
As to what constitutes a final submission of a case to the jury under certain circumstances, see Drummond v. L. & N. R. Co., 109 Fed. Rep., 531. Also, Huntt v. McNamee, 141 Fed. Rep., 293; Cahill v. Railway Co., 74 Fed. Rep., 285.
Many cases might be added to the list, but in our judgment they are not necessary. *172 But coming home to our own state, we find at least one case which supports the judgment under review: Beaumont et al. v. Herrick, 24 Ohio St., 445. It was there held: (3) “Where a case is submitted to the court on a demurrer to the answer, the ground of the demurrer being that the answer does not contain a defense, and the demurrer is overruled, the plaintiff cannot, without the leave of the court, dismiss his action without prejudice. The submission of the case on the demurrer is a final submission of the case within the meaning of Section 372 of the code, unless leave is obtained to reply or amend. (4) Whether, in such case, after the overruling of the-demurrer, the plaintiff should have leave to reply, or to amend his petition, is a matter resting in the sound discretion of the court. If the exercise of such discretion is reviewable on error in any case, it can only be where the record shows, in view of all the circumstances under which the court acted, an abuse of discretion, resulting in a denial to the party of a fair trial.” Omitting the long statement of that case, it is sufficient to say here, that the original petition was filed in the court of common pleas, and afterwards a demurrer was sustained to an amended petition on the ground that it did not show a cause of action, and the petition was dismissed. The case was taken on appeal to the district court, and there another amended petition was filed. The defendant answered and plaintiff demurred to the answer. The demurrer was overruled and the petition dismissed. On overruling of the demurrer, application was made to amend the petition by setting up addi *173 tional matter. The court refused the leave asked. Plaintiff’s counsel then represented to the court that the demurrer to the answer was filed in good faith and asked leave to reply to the answer. This was refused. Thereupon plaintiff asked leave to dismiss the action without prejudice which was also refused. Error was prosecuted in this court to reverse the judgment dismissing the petition. On that branch of the case, White, J., on page 457, says: “We see no error in this refusal of the court. The submission of the case on the demurrer was a final submission of the case within the meaning of Section 372 (old number) of the code, unless leave was obtained to reply or amend. Without additional pleading, the legal consequence of the overruling of the demurrer was a judgment of dismissal.” The court then discusses the action of the court in refusing leave to amend or reply, and found no error.
To recognize in our practice the claim that is made by plaintiff in error, would give a plaintiff the right, when he fails to make a case, and it is so decided, to thwart the contest on his own evidence, dismiss without prejudice, and again bring the defendant into some court to answer a similar demand, with all- the attendant costs; and if it can be done once, it may be done a second or third time, thus prolonging the expensive and annoying litigation. This system of practice should not be encouraged and we therefore think it our duty to affirm the judgment of the circuit court.

Judgment affirmed.

Si-iauck:, Summers, Spear and Davis, JJ., concur.