STATE OF NEBRASKA, EX REL. BOARD OF SUPERVISORS
OF HOLT COUNTY, V. G. C. HAZELET, COUNTY
CLERK.

FILED JUNE 26, 1894.   No. 4993.

1. **Dismissal.**  A plaintiff cannot, as a matter of right, dismiss his
action after the final submission of the case to the court or jury.
(*State v. Scott*, 22 Neb., 628.)

2. **Counties:** FEES OF CLERK: DUTY TO COLLECT AND REPORT:
MANDAMUS.   Where lands are seized on execution or order of
sale, it is the duty of the county clerk of the county wherein
such real estate is situated, on application of the sheriff in writ-
ing, to certify to the sheriff, under his seal of office the amount
and character of all liens existing of record against said lands
which are prior to the lien of the levy, and for which certificate
and the necessary search therefor, said county clerk is author-
ized and required to collect and enter upon his fee book, and re-
port to the county board, the sum of $2, even though the labor
of examining the records and preparing the certificate was per-
formed out of office hours by an employe of the office, or some
person other than the county clerk or his authorized deputy.

3. ——: ——: ——.   A county clerk has no authority to charge
for official services less than the fees prescribed by statute.

ORIGINAL application for *mandamus*.

*E. W. Adams,* for relator.

*H. M. Uttley, contra.*

NORVAL, C. J.

This is an application for a peremptory writ of *man-
damus* to require the respondent, as county clerk of Holt
county, to enter upon his fee book, and report to the
county board of said county, the sum of $2 for each and
every certificate of liens furnished by the respondent to the
sheriff of the county for the purpose of appraising lands

21

under executions and orders of sale. The cause was submitted to this court upon the petition and answer at the September term, 1892. Subsequently, the relator filed a motion to dismiss without prejudice to a future action. The first question therefore presented is whether the relator has the right, over the objection of the respondent, to dismiss the cause after the same had been finally submitted to the court upon the merits. Section 430 of the Code gives the plaintiff the right to dismiss his action without prejudice at any time "before the final submission of the case to the jury, or to the court, where the trial is by the court." There is no statutory provision conferring authority upon a plaintiff to withdraw his suit after the cause has been submitted to the court or jury. On the contrary, the right of a plaintiff to dismiss is limited by statute to the final submission of the case. (*State v. Scott,* 22 Neb., 628.) The motion to dismiss is therefore overruled.

The facts, briefly stated, are these: Respondent at the time of the commencement of the proceeding was the duly elected, qualified, and acting county clerk of the county of Holt, and during his term of office the sheriff of said county presented to the respondent numerous written applications, requesting him to certify under his hand and seal of office the amount and character of all liens and incumbrances disclosed by the records of his office upon lands about to be appraised and sold by the sheriff under executions and orders of sale; that pursuant to said applications numerous certificates, the exact number the record fails to disclose, were made out and certified to in the following manner: The examination of the records and preparing the certificates were performed by some clerk or employe in the county clerk's office, other than the respondent's deputy, after office hours; that after said examinations had been made and the certificates prepared, the respondent, or his regular constituted deputy, signed the same and attached thereto the seal of office, and the re-

spondent charged and received the sum of twenty-five cents, and no more, for each certificate, and he entered said sum upon the fee book kept in said office; that whatever sum has been paid by the sheriff for such certificates, in excess of the twenty-five cents, was paid to the person who performed the labor connected with the examination of the records and preparing said certificates, and not to the respondent, or his deputy. A single question is presented upon this relation, and that is whether the respondent is bound to enter upon his fee book and report to the county board the sum of $2 for each certificate of liens furnished by him to the sheriff, instead of the sum of twenty-five cents, the actual amount of fees collected by him for such service. Section 42 of chapter 28, Compiled Statutes, provides, among other things, that every county clerk, whose fees shall exceed the sum of $1,500, shall pay such excess into the county treasury of the proper county. By section 43 of said chapter it is made the duty of certain county officers, including the county clerk, to make a report to the county board quarterly, under oath, of the different items of fees received, from whom, at what time, and for what service, as well as the total amount of fees received by such officer since his last report, and also the amount received for the current year. Section 44 requires each officer named in the act to enter each item of fees collected upon a fee book furnished by the county. There is no room for doubt, under the sections above referred to, that it is the duty of each county clerk to keep a fee book, and to enter therein every item of fees received or earned by him for official services, and to make an accurate report of the same to the county board. The statute in that respect is mandatory. It does not exempt any officer governed by its provisions from reporting all the legal fees by him collected, and the courts are powerless to relieve him from performing that duty.

Section 491c of the Code of Civil Procedure declares:

"It shall be the duty of the county clerk, the clerk of the district court, and the county treasurer of the county * * * wherein such levy is made, for the purpose of ascertaining the amount of the liens and incumbrances upon the lands and tenements so levied upon, on application of the sheriff in writing, holding such execution, to certify to said sheriff, under their respective hands and official seals, the amount and character of all liens existing against the lands and tenements levied on, which are prior to the lien of such levy, as the said liens appear of record in their respective offices. For which certificate, and the necessary search therefor, said officer shall receive a fee of two dollars ($2) each, to be paid by the plaintiff in the execution, and taxed as increased costs in the action in which the judgment on which execution was issued was rendered." It will be observed that we have a plain statutory enactment, not only requiring the county clerk, on application made to him by the sheriff of his county, to issue a certificate showing the liens and incumbrances which appear of record in his office against the real estate described in the application, but fixing the exact compensation which the clerk shall receive for such service. It is conceded that under and in pursuance of the requirements of said section 491c of the Code, the respondent issued numerous certificates of incumbrance under the seal of his office, for which he collected and entered upon his fee book, the sum of twenty-five cents for each certificate, instead of the statutory fee of $2 for each search and certificate.

It is insisted that since a portion of the services rendered, namely, the examination of the records and the preparing of the certificates of liens for the signature of the respondent or his deputy, were performed by an employe in the clerk's office outside of the usual office hours, the respondent was not required to collect the full statutory fee. We cannot conceive that it makes any difference when the services in question were actually performed, or whether

State v. Hazelet.

rendered by the respondent himself, or his authorized deputy, or a clerk in the office. In each case the services are official, and the principal is responsible for the accuracy of the work, and the statutory fees therefor, whether collected or not. Fees in excess of the statutory compensation allowed a county clerk do not go to the officer, but belong to the county. If such officer fails or neglects to collect the full fees authorized for services performed it is his loss, and he must duly account for the same to the county. In *State v. Kelly*, 30 Neb., 574, it was held that where a county clerk, who is also a notary public, takes acknowledgments of conveyances of real estate, as well as depositions and affidavits as a notary public, he must enter upon his fee book, as county clerk, and report to the county board, the fees paid him for such services. The case under consideration is not distinguishable in principle from the decision alluded to. To our mind it is clear that a county clerk cannot evade liability to his county for fees belonging to such office, even though the services are performed out of office hours, and that, too, by some one connected with the office other than the principal or his deputy. The respondent was authorized by law to make certificates of incumbrances, and the fees for such official duty is likewise fixed by statute.

But it is said the plaintiff in execution may waive the provisions of the statute relating to certificates of liens and incumbrances, and from which it argued that the plaintiff in execution, or sheriff, under his direction, may procure any person other than the county clerk to make the required search of the records in said office, and prepare the certificate of liens. The conclusion which counsel has drawn from the premises stated is unsound. The certificates of liens required by section 491c of the Code must be made by the officers therein named, or under their direction. The sheriff has no authority to apply to any person other than the officers designated by statute to search

the records or furnish the certificates of liens. The statute fixes the compensation as follows: "For which certificate, and the necessary search therefor, said officer shall receive a fee of $2." This provision makes it mandatory upon the officer to charge and collect $2 for each and every certificate of liens furnished by him, and the charging by the respondent of twenty-five cents for such services was without sanction of law. The argument that parties have the right to contract with officers for the charging of fees for the performance of official duties at a sum less than fixed by statute is unsound, as regards county officers, who are by statute required to turn into the treasury all fees earned by them in excess of a stipulated sum. The excess does not belong to the officer earning the same, but to the county, and such officer must charge the full statutory fees. This construction is manifest from a reading of section 45 of chapter 28 of the Compiled Statutes, which declares that: "Any of the officers named in section one of this act who shall omit to comply with the provisions of this act, or shall fail or neglect to keep a correct account of the fees by him received, or shall fail and neglect to make a report to the board of county commissioners as herein provided, or shall willfully or intentionally omit to charge the fees provided by law, with intent to evade the provisions of this act, shall be deemed guilty of a misdemeanor," etc. We are constrained to hold that it was the duty of the respondent to charge and collect the full amount of fees authorized by statute for searching the records of his office and making certificates of liens, to enter the same upon his fee book, and make report thereof to the county board. It follows that a peremptory writ of *mandamus* should be granted as prayed.

WRIT ALLOWED.