## CHICAGO, R. I. & P. RY. CO. v. REYNOLDS, Adm'x.

No. 20038.    Opinion Filed March 29, 1932.

Rehearing Denied May 31, 1932.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for plaintiffs in error.

Ledbetter, Stuart, Bell & Ledbetter, and W. R. Withington, for defendant in error.

McNEILL, J. The parties will be referred to as they appeared in the trial court. This action was instituted by Annie Reynolds, administratrix of the estate of James W. Setchell, deceased, as plaintiff, against the Chicago, Rock Island & Pacific Railway Company, a corporation, and P. J. Kennern, as defendants, in the district court of Garvin county, on August 12, 1926, for the wrongful death of her deceased husband, James W. Setchell, which occurred on March 7, 1926, while he was walking along the railroad track of said railway company.

Plaintiff alleged negligence and the doc-

trine of the last clear chance. Both defendants answered by filing separate general denials, and the railway company in addition thereto alleged that said deceased was a trespasser and was guilty of contributory negligence. The cause came on for trial on February 9, 1928. The plaintiff offered her testimony and rested. Thereafter, the record is confusing as to what actually transpired in sequence as to the interposing of the demurrers to the evidence upon behalf of the defendants, the arguments of counsel, the motion to dismiss without prejudice on behalf of plaintiff, and the rulings of the court upon said demurrers and said motion to dismiss.

The record shows, without priority of occurrence as to these questions, that the court sustained the demurrers to the evidence and denied plaintiff's motion to dismiss without prejudice, discharged the jury, and rendered judgment in favor of defendants and against the plaintiff. Plaintiff filed a motion for new trial. This was sustained on the sole ground that plaintiff was entitled as a matter of right to dismiss her case without prejudice.

The order of the trial court granting a new trial reads, in part, as follows:

"The court is of the opinion that plaintiff's said motion to dismiss the cause without prejudice should have been sustained and that error was committed upon the trial of the case in refusing to allow plaintiff to dismiss her cause without prejudice and on this ground alone the court sustains plaintiff's motion for new trial. The court now holds that plaintiff was entitled to dismiss the cause without prejudice as a matter of right and that the court had no discretion in the matter."

As to the other grounds set forth in plaintiff's motion for a new trial, the same were overruled and the granting of a new trial was limited to the sole question of the right of the plaintiff to dismiss without prejudice as a matter of right. It is from this order granting the plaintiff a new trial that defendants prosecute this appeal. Plaintiff has filed no cross-appeal. It is the contention of the plaintiff that the action of the trial court in granting a new trial on account of its refusing the right to dismiss was correct and should be affirmed, and that the action of the trial court in granting a new trial should be sustained on the ground that the evidence required the submission of the case to the jury on the issue of the last clear chance. It is the contention of the defendants that the plaintiff was not entitled to dismiss her action as a matter of right at the time the motion to dismiss was presented to the trial court, when at that time the matter of whether the plaintiff should be allowed to dismiss without prejudice was a question purely within the sound discretion of the court, which discretion was exercised against the plaintiff in the denying of plaintiff's motion to dismiss.

The real controversy involved is whether or not, after the demurrers to the evidence were interposed on behalf of the defendants and the same were presented to the court for determination, and the court had indicated that said demurrers would be sustained, plaintiff was entitled as a matter of right to dismiss her action without prejudice.

Counsel for plaintiff concede in oral argument before this court that plaintiff was prompted to make such motion to dismiss so as to escape an adverse ruling which the court had indicated during the argument on the question of the demurrers of the defendants to the evidence of the plaintiff.

It seems apparent from the record that the motion to dismiss was not addressed to the court until after the court had indicated its ruling on the question of sustaining the demurrers to the evidence. Under this record plaintiff proceeded with the trial and submitted her evidence and rested. At that time there was no apparent reason for plaintiff to dismiss her cause of action without prejudice, and it is only fair to infer that this motion to dismiss was made to escape an unfavorable ruling on the sufficiency of plaintiff's evidence, which the court had indicated at the close of or during the arguments on the determination of the demurrer to the evidence. The defendants challenged the sufficiency of plaintiff's evidence when they interposed their demurrers to the same. This submitted the question to the court for its determination on the merits as to whether or not the plaintiff had established a cause of action against said defendants. This legal question was fairly and fully presented to the court, and argued, pro and con, at length. The court sustained the demurrers in question and refused the plaintiff the right to dismiss. At that time the refusal of the right to dismiss was addressed to the sound discretion of the court and the review of the final order or judgment in sustaining the motion for a new trial presents a clear-cut legal proposition limited to the question as to whether or not the plaintiff as a matter of right was entitled, after the case had progressed in the manner indicated by this record, to a new trial. We need not review

the question of the exercise of the discretion of the trial court in view of the record presented herein. The plaintiff had the clear, absolute, and positive right to voluntarily dismiss her action at or before there was a challenge made to the sufficiency of plaintiff's evidence.

Section 664, C. O. S. 1921, is a limitation upon the common-law right of plaintiff to dismiss her cause of action; the applicable provisions being as follows:

"An action may be dismissed, without prejudice to a future action:

"First. By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

"A case is finally submitted when the jury has been in possession of the case for determination by verdict, or the court has been put in possession of the case for decision. The motion to dismiss must be made before that time, and a motion made while the jury is deliberating on its verdict, or while the court is deliberating on its decision, comes too late." McKinley v. Shull (Kan.) 212 P. 898.

Prior to this time the right of a plaintiff to dismiss his action without prejudice is absolute and may be exercised by him at his option and without the consent of the defendant. New Hampshire Banking Co. v. Ball (Kan.) 48 P. 136.

The decisions of the courts are not uniform on the question of whether or not a plaintiff, as a matter of right, may dismiss his cause of action after the sufficiency of his evidence, challenged by the defendant, has been submitted to the determination of the trial court, and when said motion is interposed after the trial court has indicated to the parties that the demurrer to the evidence would be sustained. We are of the opinion that in such cases the motion to dismiss without prejudice is addressed to the discretion of the trial court, and the right of plaintiff to dismiss without prejudice, as a matter of right, after awaiting for the pronouncement of a decision or the indication of such decision, comes too late in the orderly progress of the trial.

In the case of Cott v. Baker (Kan.) 210 P. 651, the question was presented to the court as to whether error had been committed in overruling plaintiff's motion to dismiss. The judgment recites that after the plaintiff began the introduction of his evidence, the plaintiff thereupon moved the court to dismiss as to one of the defendants and stated at the time he would proceed to try the case as to the other defendant. The

trial court overruled said motion. The judgment also recites that the plaintiff introduced all of his evidence and rested, and defendants introduced no testimony, but moved the court for an instruction directing the jury to find for the defendants. The trial court after reviewing the evidence announced that there was no evidence introduced which would entitle the plaintiff to recover. The plaintiff thereupon moved the court to dismiss the case as to each of the defendants, which motion was overruled, and the jury was instructed to find for the defendants. The Supreme Court of that state found that the motion to dismiss as to the first defendant should have been sustained, and that the motion to dismiss as to the second defendant, which was interposed after the court had announced that there was no evidence entitling plaintiff to recover on defendants' motion for a directed verdict, came too late. The court, in paragraphs 6 and 7 of the syllabus, states as follows:

"6. Under section 395 of the Code of Civil Procedure (Gen. St. 1915, sec. 7299) a plaintiff has the right, at any time before the final submission, to dismiss his action without prejudice to a future action.

"7. A motion by a plaintiff to dismiss his action under section 395 of the Code of Civil Procedure (Gen. St. 1915, sec. 7299) comes too late when made after he has introduced his evidence and rested, and an application has been made by the defendants asking the court to direct the jury to return a verdict in their favor, and the court has announced that there was no evidence introduced which would entitle the plaintiff to recover'."

The court in the opinion cites some of its former opinions and states on the question of the plaintiff's right to dismiss as follows:

"The exact question under discussion has been before the Supreme Courts of Kentucky, Nebraska, and Ohio. The Kentucky court, in Vertrees' Adm'r v. Newport News & Co., 95 Ky. 314, 25 S. W. 1, used the following language:

"'After the court has sustained a motion by defendant for a peremptory instruction to the jury, but before such an instruction has been given, the plaintiff has a right to dismiss his action without prejudice, as there has been at that time no 'final submission' of the case to the jury, within the meaning of subsection 1 of section 371 of the Civil Code.'

"The Supreme Court of Nebraska, in discussing this question in Bee Bldg. Co. v. Dalton, 68 Neb. 38, 93 N. W. 930, 4 Ann. Cas. 508, said:

"'The principal question to be decided is

whether there was within the meaning of this section, a final submission of the case upon defendant's motion. The contention of counsel for plaintiff is that the trial was to the jury and that there could be no submission of the case until the jury had complete authority to deal with it. This argument is plausible, but we cannot believe that it is sound. It is true a jury was impaneled, but it is equally true that the case was tried by the court, and not by the jury. The case was submitted upon an issue of law, and the determination of that issue eliminated the jury and ended the controversy. After it had been adjudged that the plaintiff had no case, and that there was no issue of fact to be decided, the direction, reception, and recording of a verdict would have been mere ceremonial acts. These acts would, we know, be in accordance with conventional procedure; they would satisfy the requirements of judicial formalism, but they would be as useless and idle, and almost as absurd as the archaic practice of withdrawing a juror in order to secure a continuance. To direct the jury to return a verdict in favor of the defendant would have been to command the triers of fact to ratify a decision already made by the court upon a question of law.'

"The Ohio court, in Turner v. Pope Motor Car Co., 79 Ohio St. 153, 86 N. E. 651, said:

" 'Where the plaintiff has introduced his evidence and rested, and each of the defendants has moved the court for a directed verdict on the ground that the plaintiff has failed to make a case for the jury, upon which motions the cause has been submitted to the court and its conclusions thereon announced, the plaintiff has not the right to dismiss the action without prejudice to a future action.'

"The case was decided before the plaintiff presented his last motion to dismiss. It was not necessary to have the verdict of the jury before rendering judgment. That judgment could have been rendered by the court, and practically was so rendered without the verdict of the jury. The last application to dismiss came too late."

In the case of the Bee Building Co. v. Dalton, supra, 93 N. W. 930, the fifth paragraph of the syllabus is as follows:

"When a case has been submitted upon a demurrer of the evidence, plaintiff's absolute right to dismiss without prejudice is lost."

This case cites with approval the case of St. Joseph & D. C. R. Co. v. Dryden, 17 Kan. 278, being an opinion by Mr. Justice Brewer which is cited in the case of Cott v. Baker, supra. In the opinion, the Supreme Court of Nebraska said:

" 'Where a demurrer to the evidence is sustained,' says Mr. Justice Brewer in St. Joseph & D. C. R. Co. v. Dryden, 17 Kan. 278, 'the case is ready for judgment. It has been finally submitted to the court, and the plaintiff has no more right to dismiss then than he has after a verdict is returned. The case is decided, and the plaintiff has no right to avoid that decision by a dismissal.' To permit a party to dismiss under such circumstances is, in substance, to grant him a new trial after he has been fairly defeated, and to deprive his adversary of the fruits of a fairly won victory. It is contrary to good sense and sound policy to allow a party to take his case from one court to another until fortune favors him with a judge who is willing to accept his view of the law or his construction of the evidence. 'Such a mode of procedure would,' as was said in Conner v. Drake, 1 Ohio St. 170, 'be trifling with the courts, as well as with the rights of defendants.' * * * Our conclusion is that the court erred in sustaining plaintiff's motion, and this conclusion is, we think, supported by State v. Scott, 22 Neb. 628, 36 N. W. 121; State v. Hazelet, 41 Neb. 257, 59 N. W. 891; Beaumont v. Herrick, 24 Ohio St. 445, and other cases. * * *"

The Supreme Court of Kansas, in the case of Shafer v. Weaver & Bill, 20 Kan. 294, said:

"* * * A party against whom a demurrer to the evidence has been sustained cannot as a matter of right claim to have the case reopened for the introduction of additional evidence or for the dismissal of the action without prejudice. So far as his rights are concerned, the decision is final; but still he may appeal to the discretion of the court."

In the case of Toombs v. Cummings, 151 Okla. 166, 3 P. (2d) 177, the trial court refused plaintiff the right to dismiss his cause of action after the court sustained a demurrer to the evidence. This court approved such ruling. To the same effect is the case of Taylor v. Green, 119 Okla. 297, 249 P. 393.

We conclude that, when a plaintiff submits his evidence to the court or jury and elects to stand upon and contests the sufficiency thereof, when challenged by the defendant either by demurrer to the evidence or by motion for a directed verdict, the case is submitted to the court for determination; and when the court has indicated to the parties its ruling thereon after a full and complete presentation of the matter, and the court finds that said evidence is insufficient, a motion to dismiss without prejudice on behalf of the plaintiff after such indication or announcement of an adverse ruling against said plaintiff comes too late, as a matter of right, but said plaintiff may appeal to the discretion of the court for the granting of such motion. Litigants should

not be permitted to urge their theories upon a court and to trifle with a decision in this manner. If a litigant, by reason of the ruling of the trial court during the progress of the trial, feels that he has been prejudiced by such ruling and by reason thereof has not been permitted to fully and fairly present his theory of the issues to the court or jury, he should have the unqualified right, such as was granted to him under the common law, to control his action and to dismiss without prejudice before the question is finally submitted to the court or jury. Again, if during the trial it becomes apparent to the plaintiff that other and additional testimony should be necessary to support the allegations of his petition, which by reason of accident, inadvertence or mistake he has been unable to obtain, or that he should have further opportunity for consultation, he likewise should be entitled to dismiss his action without prejudice; but when no surprise, accident, or mistake, or incompleteness of any testimony is presented to the consideration of the court as grounds for dismissal, and where he does not seek permission to reopen his case after he has closed his testimony and rested, and the sufficiency of his evidence has been challenged and he elects to take issue on that question and submits the same to the court upon a full and fair hearing, taking his chance upon an adverse ruling, and when these matters are presented and argued to the court pro and con and at length, and the court, while analyzing the pleadings and the evidence which has been submitted, has indicated its ruling to him adversely, he then should not be permitted to withdraw his action as a matter of right by a motion to dismiss without prejudice over the timely objection of the defendant. Under such circumstances he cannot claim such dismissal without prejudice as a matter of right. His procedure is then to appeal to the discretion of the court. We conclude that this is the proper procedure and is not a strict and harsh rule. Apart from the foregoing question, we have examined the record, and we conclude that there was no error in sustaining the demurrers to the evidence. ·

The judgment of the trial court in granting the new trial is reversed, and the cause remanded, with directions to enter judgment on behalf of defendants.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

On Rehearing.

RILEY, J. We find that the rule announced in Boardman Company v. Board of Commissioners of Atoka County, 70 Okla. 245, 174 P. 272, is in conflict with the rule herein stated. That case is overruled. The petition for rehearing is denied.