## WHITE v. TULSA IRON & METAL CORP.

No. 28938.   Oct. 31, 1939.

West & Davidson, of Tulsa, for plaintiff in error.

M. A. Breckinridge and S. F. Goldwyn, both of Tulsa, for defendant in error.

DANNER, J.  Rex White sued Tulsa Iron & Metal Corporation, alleging that he had owned two steam boilers and that the defendant had unlawfully taken and converted them to its own use and benefit. The evidence revealed, however, that Golden Eagle Bus Lines, a partnership composed of Rex White and Grover C. Jacobsen, had owned the boilers at the time of the alleged conversion. It also developed that several weeks after the suit was filed Jacobsen by bill of sale sold and transferred to plaintiff all of his right, title, and interest in the boilers.

In appealing from a judgment sustaining defendant's demurrer to his evidence, plaintiff says that the judgment was based upon a ruling that Rex White alone could not recover, but that the action could be prosecuted only by the partnership, in the names of the two partners. Plaintiff urges that said ruling was erroneous. He argues that one partner may bring an action in his own individual capacity to recover half of the damages, citing cases and authority applicable to actions by one partner against another partner. He also cites cases involving actions against a third party by only one partner, where the defendant has failed to raise the question in the trial court. It is obvious that neither of those situations is akin to the present state of facts. Here the action is not by one partner against the other, and the defendant did raise the question in the trial court.

A partnership is a distinct entity from the individuals who compose it. Hassen v. Rogers, 123 Okla. 265, 253 P. 72. Partnership property belongs to the firm, not to the partners. First Nat. Bank of Ft. Smith, Ark., v. Dunklin, 146 Okla. 81, 293 P. 541. Therefore, plaintiff was without authority to institute the action solely as an individual owner of the boilers, the status alleged in his petition.

But did he acquire the right to maintain the action by virtue of the bill of sale executed to him by the other partner after the filing of the action? We do not think so. (We may disregard all questions pertaining to the right of a partner to act in liquidation of the affairs of a dissolved partnership, for no such theory was advanced in this case, either in the pleadings or in the briefs. The action is by Rex White, individually and solely in his identity as an individual.) Without indicating whether it would make a difference, it is observed that no amendment of the pleadings was attempted, showing acquisition of

title from Jacobsen. The case is strikingly similar to American Investment Co. v. Baker, 122 Okla. 10, 250 P. 76, where the claim was joint, and it was held that acquisition by plaintiff of the other joint owner's interest after the filing of an action by plaintiff alone did not supply the want of an enforceable claim by plaintiff at the beginning of the action. We said in the second paragraph of the syllabus:

"It is a general rule that an action must be founded upon a claim which is valid and subsisting at the time of its institution, and that plaintiff cannot supply the want of a valid claim at the commencement of the action by the acquisition or accrual of one during pendency of the action."

In the body of the opinion (122 Okla. 11, 250 P. 77) we reviewed the authorities somewhat at length, and reference is made thereto. See, also, Bank of Chelsea v. School District, etc., 62 Okla. 185, 162 P. 809; St. L. & S. F. Ry. Co. v. Webb, 36 Okla. 235, 128 P. 252. Recently we again enforced the rule in Gibson Oil Co. v. Kelley, 169 Okla. 218, 36 P.2d 1111, when we held in the fourth syllabus:

"The rights of the parties are to be determined as they existed when suit was commenced."

We may treat the next two propositions as one, since they are controlled by the same principle. Plaintiff contends that the court erred in denying his motion to make Grover C. Jacobsen (the other partner, or former partner) a party plaintiff. He also contends that the court erred in refusing him permission to dismiss the action without prejudice. The proceedings as reflected by the record, and particularly by the journal entry, indicate conclusively that plaintiff did not seek permission to make Jacobsen a party plaintiff, or to dismiss without prejudice, until after the court had indicated that he was about to sustain the defendant's demurrer to the evidence. In fact, both of said motions were made during the argument on the demurrer, and, as stated, after the judge had indicated how he intended holding.

Both motions were in the same category, and either would have had the same ultimate effect as the other. To amend by making Jacobsen a party plaintiff and thus virtually starting the lawsuit over again would have amounted to the same thing as dismissing without prejudice and filing a new action with Jacobsen as a party plaintiff under appropriate pleadings. And if it was not an abuse of discretion to refuse permission to dismiss, under the circumstances, clearly it was not an abuse to refuse permission to

amend. Section 418, O. S. 1931, 12 Okla. St. Ann. § 683 (sec. 664, C. O. S. 1921), provides that an action may be dismissed without prejudice to a future action, "by the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court." In Chicago, R. I. & P. Ry. Co. v. Reynolds, 157 Okla. 268, 12 P.2d 208, we discussed the statute at length, in relation to such a situation as we have here, namely, where a demurrer to the evidence is being argued or considered, and the judge, in the course thereof, indicates that he is about to sustain the demurrer. We held that it is then too late for the plaintiff to insist that he may dismiss as a matter of right, although it still is within the court's discretion to permit such dismissal. The holding is correctly expressed by the first two paragraphs of the editorial syllabus, in this manner:

"Plaintiff's motion to dismiss action as matter of right, made after court indicated ruling adverse to plaintiff on defendants' demurrer to evidence, *held* too late (Comp. St. 1921, sec. 664).

"Plaintiff's motion to dismiss action, made after trial court indicated ruling adverse to plaintiff on defendants' demurrer to evidence, *held* addressed to court's discretion (Comp. St. 1921, sec. 664)."

We therefore conclude that plaintiff was not entitled to a sustaining of his motions as a matter of right, and that the refusal of the trial judge to sustain them was not an abuse of discretion, since otherwise the plaintiff would be permitted to speculate on the result up to the very time that an adverse ruling appeared imminent, as pointed out in the Chicago, R. I. & P. Ry. Co. Case, supra.

There are no other contentions. The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and GIBSON, JJ., concur.