## BAIZE v. CONNECTICUT GENERAL LIFE INS. CO. et al.

No. 29453.   April 16, 1940.

*102 P. 2d 171.*

B. A. Hamilton, S. J. Clendinning, and Eben L. Taylor, all of Tulsa, for plaintiff in error.

Harper, Williams & Boesche, of Tulsa, for defendants in error.

CORN, J.   The plaintiff in e r r o r, plaintiff below, appeals from the judgment of the trial court denying motion to vacate verdict and judgment against him in favor of defendants in error, defendants below, and to enter an order on the dismissal without prejudice of this cause by plaintiff in accordance with his attempted dismissal at the conclusion of the trial.

The respective parties having introduced their testimony in chief and rested, the defendants, in the absence of the jury, severally moved for a directed verdict, which motions were argued to the court, and the trial judge indicated his intention of sustaining same. The jury was recalled and the plaintiff thereupon asked leave to reopen his case for the introduction of additional testimony, which leave was granted, the defendants not objecting. Whereupon the plaintiff called a witness to the stand and the inquiry was ruled out on the ground of repetition. Then the plaintiff announced the dismissal of the case without prejudice as to each of the defendants. The court refused to enter an order of dismissal, but proceeded to direct the verdict for the defendants and each of them.

The decisive question presented by the appeal is whether or not the court erred in refusing the plaintiff permission to dismiss the action without prejudice.

This question was passed upon and settled by this court in Chicago, R. I. & P. Ry. Co. v. Reynolds, 157 Okla. 268,

12 P. 2d 208, and in White v. Tulsa Iron & Metal Corp., 185 Okla. 606, 95 P. 2d 590. In said cases it was held that plaintiff's motion to dismiss action as a matter of right, under section 418, O. S. 1931, 12 Okla. St. Ann. § 683, when made after the court indicated ruling adverse to plaintiff on defendants' demurrer to the evidence, comes too late.

It is also held in said decisions and others cited therein that such motion is addressed to the court's discretion. No good reason is shown in the record why the court should have permitted the dismissal of the action.

The judgment is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.