HUBBARD v. HUBBARD.

No. 30585.   May 26, 1942.

Rehearing Denied June 9, 1942.

*126 P. 2d 524.*

Leroy G. Cooper, of Shawnee, for plaintiff in error.

James C. Cheek, of Oklahoma City, for defendant in error.

PER CURIAM. On the 10th day of August, 1940, Eileen Hubbard filed an action against her husband, Belton R. Hubbard, seeking to recover $20,000

damages for personal injuries resulting from an automobile collision near Ardmore, Okla. The injuries were received when the automobile in which she was riding, driven by her husband, collided with one driven by B. D. Branum.

The defendant answered denying generally the allegations of the petition and pleading specially that Branum had paid defendant for any injuries sustained. Issues were made on the pleadings and the cause called for trial on May 21, 1941. After the jury had been selected the attorney for plaintiff made his opening statement in which he disclosed that plaintiff would rely upon testimony tending to show that defendant was under the influence of intoxicating liquor when the accident occurred. Thereupon, the trial judge having made some remarks, plaintiff moved to dismiss the case without prejudice, stating, among other things, that the witness Branum could not be obtained. The trial court refused to dismiss the action, and on motion of defendant's attorney entered judgment for the defendant.

We are of the opinion, and hold, that the court erred as a matter of law in denying the motion to dismiss. Chicago, R. I. & P. R. Co. v. Reynolds, 157 Okla. 268, 12 P. 2d 208; Baize v. Connecticut General Life Insurance Co., 187 Okla. 109, 102 P. 2d 171; Carpenter v. Renner, 158 Okla. 153, 12 P. 2d 688; White v. Tulsa Iron & Metal Corp., 185 Okla. 606, 95 P. 2d 590. In Chicago, R. I. & P. R. Co. v. Reynolds, supra, it was held that prior to final submission of the case to the court or jury, the plaintiff had an absolute right to dismiss the cause under 12 O. S. 1941 § 683. Defendant admits the effect of said decision, but claims that it is within the discretion of the court to dismiss the action, and that the discretion was not abused in the case at bar and cites in support of such view Baize v. Connecticut General Life Ins. Co., supra; Carpenter v. Renner, supra, and White v. Tulsa Iron & Metal Corporation, supra. In Baize v. Connecticut General Life Insurance Co., supra, Hiram Baize moved to dismiss a damage

suit after a motion for directed verdict had been sustained. It was held a motion to dismiss was too late. In White v. Tulsa Iron & Metal Corp., supra, White sued in conversion, and after the demurrer to the evidence had been sustained plaintiff moved to dismiss. It was likewise held that the motion came too late. In Carpenter v. Renner, supra, Carpenter moved to dismiss after an objection to the introduction of the evidence had been sustained. It was held that he had an absolute right to dismiss, and the court cited Chicago, R. I. & P. R. Co. v. Reynolds, supra, in support of the rule. In the case at bar the cause had not been finally submitted to the court or the jury. No witnesses had been sworn; no testimony had been given by either side. In fact, no testimony was ever offered. We hold that the court erred under the plain provision of 12 O. S. 1941 § 683, and the construction thereof by this court in denying the motion to dismiss.

The judgment and order of the trial court is reversed and the cause remanded, with directions to the trial court to vacate and set aside the judgment for the defendant and to enter an order sustaining the motion of the plaintiff to dismiss.

Reversed and remanded, with directions.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and RILEY and ARNOLD, JJ., absent.