TIFFANY et al. v. TIFFANY.

No. 32927. Feb. 24, 1948.

Rehearing Denied Nov. 23, 1948.

*199 P. 2d 606.*

A. E. Montgomery, of Tulsa, for plaintiff in error.

Spillers, Spillers & Voorhees, of Tulsa, for defendant in error.

WELCH, J. Plaintiff's petition alleges that he was a former owner of an undivided one-half interest in certain described city lots; that on January 17, 1940, he executed a quitclaim deed to said lots to defendants under an oral agreement that defendants would sell the lots and deliver to plaintiff one-half of the sale price less necessary expenses; that defendants made a sale of the lots on March 24, 1941, and received the sum of $1,650 therefor, and have since been indebted to plaintiff in an amount equal to one-half of the net proceeds from the sale. That a former action to recover said sum was filed by plaintiff in district court case No. 72,333 January 6, 1944, and on December 15, 1945, that action was dismissed without prejudice to the plaintiff.

Defendants for answer deny plaintiff's claim of indebtedness. Defend-

ants further state that the claim as set forth in plaintiff's petition is barred by the statute of limitations. That identical proceedings were tried in district court in case No. 72,333; that that case was finally submitted and taken under advisement by the trial court and plaintiff was barred from dismissing said action without prejudice.

Judgment was entered for the plaintiff in accord with the verdict by jury and defendants appeal.

The first question presented is whether plaintiff's cause of action is barred by limitations. And on that point the inquiry is whether the plaintiff made proper and timely dismissal of the former action so as to preserve his statutory right to bring this action in one year thereafter. The statutes provide:

12 O. S. 1941 §684:

"A plaintiff may, on payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action."

12 O. S. 1941 §683:

"An action may be dismissed, without prejudice to a future action: First, by plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court; . . ."

There is no material dispute as to the facts on this point. The question is as to the legal result or effect thereof. The former action was between the same parties and involved the same cause of action. Plaintiff dismissed that former action without prejudice on December 15, 1945, and filed this action January 3, 1946.

Prior to said dismissal the former action had been tried to the court, and after some argument or discussion between court and counsel, the court granted a stated time for the filing of briefs. Within that time plaintiff dismissed the action.

It is clearly shown that no judgment was rendered, though as to evidence the trial had been completed. All this is shown partly by evidence of the plaintiff and partly by evidence of defendant.

In 27 C. J. S., Dismissal and Nonsuit, § 20b, page 176, it is said:

"A submission is final within the rule prohibiting a dismissal or nonsuit after final submission of the cause, where nothing remains to be done to render it complete."

In State ex rel. Strong v. Cook et al., 124 Ohio St. 478, 179 N. E. 352, in a determination of whether there had been a final submission within the purview of the Ohio statute, it was said:

"We therefore hold that within the purview of section 11586, General Code, a final submission to the court contemplates its submission upon both law and fact, and that where the evidence has been concluded and time given to counsel for future oral argument, or future filing of briefs, the cause is not finally submitted until such arguments are made, or briefs are filed, or until such time limit for argument or the filing of brief has expired. Prior to that time, a plaintiff may dismiss his action without prejudice under the sanction of the Code provision herein referred to. . . ."

In the body of the opinion reference was made to the case of Crane v. Leclere, 204 Iowa, 1037, 216 N. W. 622.

The Ohio and Iowa statutes discussed are similar to section 683, supra.

In the Iowa case we note these statements:

"If the court had granted time for the attorneys to appear and argue the case orally, certainly there would have been no final submission of the case, and the plaintiff could voluntarily dismiss the same before the arrival of the time fixed. The effect of granting time to file briefs was that the case was not finally submitted for determination by the court until the court could have the briefs for the consideration of the matters before him, or until the expiration

of the time granted for the filing of same. . . ."

"The cause was only submitted in so far as the taking of evidence was concerned, but was open for what aid the parties could give the court as to the law applicable to the evidence which had been previously received. . . .

"Without further discussion, we hold that there had not been a final submission of the case to the court, and that, under our statutory law, the appellee was within his rights in dismissing the case without prejudice at the time when it was done."

The statutory provisions above quoted have been construed many times by this court. Plaintiff had a right to dismiss without prejudice before final submission of the case, but not thereafter. Taylor v. Green, 119 Okla. 297, 249 P. 393; Chicago, R. I. & P. Ry. Co. v. Reynolds, 157 Okla. 268, 12 P. 2d 208; White v. Tulsa Iron & Metal Corp., 185 Okla. 606, 95 P. 2d 590; Baize v. Conn. Gen. Life, 187 Okla. 109, 102 P. 2d 171; Owens v. Luckett, 192 Okla. 685, 139 P. 2d 806; In re Initiative Petitions No. 112 et al., 154 Okla. 257, 7 P. 2d 868; Avery v. Jayhawker Gas Co., 101 Okla. 286, 225 P. 544; Naylor v. Eastman Nat. Bank, 107 Okla. 208, 232 P. 73.

The final submission of a case within the purview of section 683, supra, clearly means its submission upon law and fact, after argument. Under the facts herein we hold that there had not been a final submission of case No. 72,333 to the court and plaintiff was within his rights in dismissing the case.

Defendants introduced testimony concerning remarks made by the trial court after the conclusion of the evidence in case No. 72,333 and contends the court indicated the way in which he intended to decide the case, and that plaintiff could not thereafter dismiss without prejudice.

Although it may be said from that evidence that the trial judge indicated the trend of his thinking, the fact that he granted time for the preparation of further argument by way of written briefs is an indication that he was not prepared at the time to decide the case.

Defendants contend their demurrer to plaintiff's evidence should have been sustained for the reason that there was no proof that the costs were paid in case No. 72,333, as contemplated by section 684, supra.

The written dismissal was introduced in evidence and shows on its face to have been filed in the case by the clerk of the district court. Under the statute it was the clerk's duty to refuse to file the dismissal unless the costs were paid. Huddleston v. Texas Co., 178 Okla. 581, 63 P. 2d 707. The fact that he filed the instrument presupposes that the costs were paid and that his act was legal. Board of Com'rs of Garfield County v. Fields, 63 Okla. 80, 162 P. 733; Hicks v. Sanders, 132 Okla. 242, 269 P. 297. In the absence of any showing to the contrary, his filing of the dismissal was presumptive proof that the costs were paid, and suffices as against a demurrer to the evidence on that point.

In proposition two, defendants assert the court erred in withdrawing and striking from consideration of jury all testimony and evidence relating to statute of limitations and "former jurisdiction."

There was a slight conflict in the testimony in reference to the remarks by the trial court in case No. 72,333; however, the effect of any or all of the remarks shown by the testimony was the same, in the light of the undisputed evidence that thereafter time was granted for further argument. Under such circumstances, only an issue of law was presented, and the trial court herein properly held that the former case No. 72,333 was dismissed in proper and timely manner and there remained no disputed issue of limitations to be submitted to the jury in this trial.

In proposition three defendants contend that the evidence was insufficient to sustain plaintiff's allegations in ref-

erence to an oral agreement between the parties; that the judgment is not sustained by facts sufficient to warrant recovery.

A stipulation was introduced in evidence to the effect that plaintiff and defendant D. N. Tiffany acquired title to certain described city lots; that thereafter a county resale tax deed, based on 1939 resale of the property, was issued to one J. H. Plymate; that thereafter Plymate, in April, 1939, executed a deed to defendant Mable I. Tiffany for a consideration of $150; that thereafter, on January 17, 1940, plaintiff executed a quitclaim deed to defendants, and on March 21, 1941, defendants made a warranty deed to J. H. Warren and another for the sum of $1,650.

Plaintiff testified, in substance, that in 1939 defendant Mabel Tiffany told him the lots had been sold at tax sale, that she bought them from somebody through tax sale; that she had a proposition to deal them off, but could not deal unless plaintiff gave her a quitclaim deed; that she approached him on the subject several times; that in January, 1940, in the presence of both defendants he agreed to execute quitclaim deed to defendants, and on the same day delivered the deed to defendant Mabel Tiffany; that he told her at the time that he expected his share out of the transaction; that when he handed the deed to her she acknowledged there was a deal and that he would get his share.

Defendant D. N. Tiffany testified that he paid Plymate for the deed to the lots; that he had the lots deeded to Mabel I. Tiffany and that he told her to sell the lots for what she could get for them. Defendant's evidence showed certain expenditures made by them for the deed from Plymate and for abstract fees, attorney's fee, etc., prior to the sale to the Warrens. The jury returned a verdict for plaintiff in an amount equal to 50 per cent of the sale price after deducting these expenditures.

Under the testimony we think the jury could, with reason, find that there was an agreement between the parties that plaintiff was to share in the proceeds from the sale of the lots in consideration of the delivery of deed by plaintiff, and that defendant Mabel I. Tiffany acted as agent of· the defendant D. N. Tiffany in the transaction. The testimony reasonably tended to support the verdict and the judgment approving the verdict will not be disturbed. Walker v. Oklahoma Natural Gas Co., 188 Okla. 241, 107 P. 2d 997.

Upon the verdict, and all the testimony in the case judgment was properly rendered and is therefore affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, GIBSON, and ARNOLD, JJ., concur.

---

Supplemental Opinion on Rehearing.

---

PER CURIAM. In plaintiff in error's petition for rehearing, it is insisted that the dismissal in action No. 72,333 came too late because in the argument or discussion between the· court and counsel, and before the granting of additional time to brief therein, the trial judge had indicated his view of the law or his conclusion or his thought against the position of plaintiff in that action. It is insisted that it was then too late for plaintiff to dismiss his action under the applicable statute, though the court did not render judgment against plaintiff or enter any order against plaintiff, but, on the contrary, granted additional or further time for the briefing of the question. Our opinion holds that during the time allowed for briefing, the cause did not stand fully submitted, and that therefore the dismissal occurred before final submission.

Plaintiff in error contends the controlling point is the indication by the remarks of the judge of his thought or view as above stated, and that the expression of such view terminated plaintiff's right to dismiss in that action.

That contention may have been invited by statements in former opinions cited and relied upon, and we deem it necessary to clarify the applicable rule and in so doing to refer to some former decisions.

The case of Owens v. Clark, 154 Okla. 108, 6 P. 2d 755 is cited. There the question was as to the sufficiency of the proof as to what occurred in connection with the commencement and dismissal of the former action. Here there is no question of the proof as to what occurred. The only question is the legal effect of that which did occur, and that decision is not in point.

Chicago, R. I. & P. Ry. Co. v. Reynolds, 157 Okla. 268, 12 P. 2d 208, is cited. That decision is not contrary to the conclusion here. In that case the cause stood finally submitted at the time an effort was made to dismiss it, and while some emphasis is there placed on the fact that the court had "indicated to the parties its ruling," and it was held that plaintiff's "motion to dismiss without prejudice on behalf of the plaintiff after such indication or announcement of an adverse ruling against said plaintiff comes too late, as a matter of right," it is apparent that this court was deciding that the cause stood finally submitted before and at the time the effort to dismiss was made, and the language referred to demonstrated that the cause had not only been finally submitted, but had virtually been finally decided. In said case the trial court sustained the demurrers to the evidence and such constituted a final judgment.

White v. Tulsa Iron & Metal Corp., 185 Okla. 606, 95 P. 590, is cited. There, as in the Reynolds case, supra, the cause had been finally submitted and nothing had been done to withdraw or vacate that final submission, so that it stood finally submitted before and at the time of the attempt to dismiss. This opinion cites and follows the decision in the Reynolds case, supra, but places too much emphasis on that part of the Reynolds decision which refers merely to the indication by the trial judge of an adverse ruling prior to the attempted dismissal. The third paragraph of the syllabus in the White case likewise places too much emphasis on the time of the indicated adverse ruling, but the statute there cited demonstrates that this court was really holding in that case that the attempted dismissal did not occur "before final submission of the case" to the court, and therefore the conclusion and determination in the White case was correct, though some of the language was inexact and that case as a whole is not contrary to our decision here.

Baize v. Connecticut General Life Ins. Co., 187 Okla. 109, 102 P. 2d 171, is cited. That opinion cites and purports to follow the Reynolds and White cases, supra, but in the Baize case, after the trial judge indicated a ruling or view adverse to plaintiff on defendant's demurrer to the evidence and motion for directed verdict, no order was made or entered thereon, but, on the contrary, the court granted permission to plaintiff to reopen his case for introduction of further evidence and another witness was called and interrogated, and then plaintiff dismissed. The situation there was not similar to that in the Reynolds and White cases because in the Reynolds and White cases, after the cause was submitted to the trial judge, and after he indicated his ruling or view adverse to the plaintiff, nothing further occurred except plaintiff's effort to dismiss. That is, nothing occurred in either of those cases to withdraw the final submission. But in the Baize case, although it might be said the cause was finally submitted to the trial judge at the time of argument and indication of adverse ruling or view, that final submission was withdrawn or vacated when the trial court

therein granted plaintiff the right to introduce further evidence so that in the Baize case, as long as plaintiff had the right to introduce further evidence and was trying to do so, the cause did not stand finally submitted and the effort to dismiss there occurred at a time when the cause did not stand finally submitted, and it was therefore a dismissal "before the final submission" of the case as authorized by the applicable statute, 12 O.S. 1941 §683. It is apparent that this court in that case followed too literally the syllabus language of the White case, supra, when the circumstances of the two cases were not the same, as above pointed out. It is therefore apparent that the decision in the Baize case is not correct and that it must be overruled in the interest of clarity of the applicable rule, and to avoid in the future any such confusion as has arisen in this case.

In the instant case, though it be said that cause No. 72,333 was submitted to the trial judge, and that in the argument and discussion the trial judge indicated a ruling or view adverse to the plaintiff, such submission to the court was not a final submission after and during the extension of time allowed for filing briefs on the question, and therefore this dismissal occurred at a time when the cause did not stand finally submitted, and therefore occurred "before the final submission of the case," as provided by the applicable statute.

For the reasons stated, we overrule the decision in Baize v. Connecticut General Life Insurance Co., supra, and adhere to our opinion herein, and deny rehearing.