1999 OK 67

**Carolyn P. BRANDT, personal representative of Jeffery Karl Brandt, deceased, Appellant,**

**v.**

**JOSEPH F. GORDON ARCHITECT, INC., Appellee.**

Nos. 90798, 90800.

Supreme Court of Oklahoma.

July 6, 1999.

Steven R. Hickman, Frasier, Frasier & Hickman, Tulsa, Oklahoma, for Appellant.

Harry M. Crowe, Jr., Tulsa, Oklahoma, for Appellee.

SIMMS, J.:

¶ 1 Plaintiff in a multi-party, multi claim, tort action dismissed without prejudice after the trial court granted summary judgment from the bench in favor of one of the defendants, Joseph F. Gordon Architect, Inc. We grant certiorari to determine if Plaintiffs' dismissal was permissible and effective.

¶ 2 The Court of Civil Appeals held the trial court lacked jurisdiction of the matter after Plaintiffs dismissed their cause without prejudice. As a result, the Court of Civil Appeals found invalid the trial court's formal summary judgment order, which was filed of record after plaintiff's dismissal. We grant certiorari and vacate the opinion of the Court of Civil Appeals. The trial court's formalization of the summary judgment ruling was valid.

¶ 3 The underlying causes of action which gave rise to this appeal began with a fatal car and motorcycle crash on the Cherokee Turnpike in Delaware County, Oklahoma. Jeffrey Brandt, son of Plaintiff Carolyn Brandt who is the personal representative of her son's estate, was killed when a car exited a ramp from EZ Go Foods, going the wrong direction, and hit Jeffrey Brandt's motorcycle in a head on collision. Frederick Brandt, Jeffrey's father, riding a different motorcycle was also severely injured in the same accident. The father and son's cases were consolidated for purposes of this appeal.

¶ 4 Suit was filed against a number of Defendants, including Joseph Gordon Archi-

tect, Inc., who is the focus of this appeal. Plaintiffs alleged Joseph Gordon was the architect who negligently designed the ramp and exit from the EZ Go Foods where the accident occurred.

¶ 5 Gordon filed Motions for Summary Judgment and briefs in support (in both Jeffrey and Frederick Brandt's cases), which had a number of exhibits, including Gordon's affidavit and a number of architectural plans and conceptual drawings for the EZ Go property. Gordon premised his summary judgment upon the argument that he provided the construction and materials specifications for a design plan that had already been created in its entirety by another firm, Paragon/DGI of Fort Worth, Texas. Gordon's affidavit stated that neither Gordon, nor his firm, modified the Paragon conceptualization. The affidavit said the only modifications to Paragon's original were made at the request of the Oklahoma Turnpike Authority or EZ Go Foods.

¶ 6 Gordon's summary judgment motion was sustained by the trial court from the bench on October 1, 1997. Gordon's counsel moved for settlement of the journal entries two weeks later, on October 14, 1997, but the trial court did not act on Gordon's motion. On December 1, 1997, while Gordon's motion to finalize the summary judgment journal entry was pending, Plaintiffs dismissed the cases as to all parties and all Defendants without prejudice, including Gordon. The dismissal occurred prior to the formalization of Gordon's summary judgment.

¶ 7 More than a month after Plaintiffs dismissed, the trial court entered an "Order Sustaining Motion for Summary Judgment of Defendant Joseph F. Gordon Architect, Inc. and Judgment." This order contained the

requisite language satisfying 12 O.S. Supp. 1995 § 994(A); no order prior to January 1998 had the express determination and direction required by § 994(A). Therefore, the focal question for this Court is whether the trial court still had authority to formalize the summary judgment in January, or was Plaintiffs' dismissal effective to deprive the trial court of further jurisdiction in the case.

¶ 8 Plaintiffs argue that application of 12 O.S. Supp.1995 § 994(A) prevented the finalization of Gordon's summary judgment, rendering it non-appealable and not final.[1] As a result, Plaintiffs urge that their blanket dismissal without prejudice applied to all defendants, including Gordon and that the dismissal mooted any pending matters in the case.

¶ 9 Defendant urges that the Plaintiffs' right to dismiss without prejudice and without leave of the court is limited by 12 O.S. 1991 § 683, which reads in relevant part as follows:

> An action may be dismissed, without prejudice to a future action:
>
> First, By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court.

Defendant, Gordon, argues his summary judgment had reached the point of final submission contemplated by § 683, and that Plaintiff could no longer dismiss without prejudice with regard to the claims against him. Defendant urges the granting of his summary judgment motions precludes Plaintiffs from bringing suit against him again in any subsequent filing of their cause of action.

¶ 10 For the reasons stated, we find Defendant is correct in his view of § 683. With regard to Plaintiffs' cause of action against

---

1.  12 O.S. § 994(A) (emphasis added):

    When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the court may direct the preparation and filing of a final judgment, decree, or final order as to one or more but fewer than all of the claims or parties only upon an **express determination** that there is no just reason for delay and upon an **express direction** for the filing of a final judgment, decree or final order.* In the absence of such determination and direction, any order or oth-

    er form of decision, however designated, which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.

    Section 994(A) was modeled verbatim from Federal Rule 54(B).

Gordon, Plaintiffs were no longer at liberty to dismiss without leave of the court, after the court rendered a bench ruling in Defendant's favor on the summary judgment motions. As a result, Plaintiffs' dismissal was not effective with regard to their claims against Gordon. Contrary to Plaintiffs' assertions, we find 12 O.S.1991 § 683 is of paramount importance here, and that the appealability of the trial court's order under 12 O.S. § 994 does not affect the application of 12 O.S. § 683 in this case.

¶ 11 In *Tiffany v. Tiffany*, 200 Okla. 670, 199 P.2d 606 (1948), the original cause was tried to the court. The trial court indicated it was *probably* going to rule in favor of defendant, *but allowed additional time to brief* certain issues where some question still remained. During the briefing time, the plaintiff dismissed the cause without prejudice. Plaintiff later filed a virtually identical second case, approximately one month after the dismissal. The plaintiff prevailed at the jury trial of her second case and defendants appealed the jury verdict, arguing the matter had been disposed of in the first bench trial.

¶ 12 In *Tiffany*, this Court illustrated the importance of the trial court rendering a decision with regard to application of 12 O.S. 1991 § 683. Final submission of the case marks the end of plaintiff's dismissal by right under either § 683 or 12 O.S.1991 § 684.

¶ 13 The Court found there was no final submission of the case after the first bench trial, because the trial court had called for additional briefs and the matter was clearly not concluded. As a result, plaintiff's dismissal was effective and plaintiff was not precluded from bringing the second case, which ended in a plaintiff's verdict after jury trial.

¶ 14 *Tiffany* is distinguishable from this case because the Tiffany trial court had not actually rendered an opinion with regard to the bench trial, although the trial court had given some indication of its intentions. In the case at bar, the trial court clearly had made its ruling.

¶ 15 Having actually ruled in Gordon's favor, the trial court effectively deprived the Brandts of the virtually unrestricted right to dismiss that is available under 12 O.S.1991 § 683. The ruling took Plaintiffs beyond the bounds of § 683.

¶ 16 In a case analogous to the one currently before the Court, this Court considered whether a plaintiff's case was "finally submitted" to the trial court in the context of a summary judgment motion and whether final submission of a summary judgment foreclosed plaintiff's right to voluntary dismissal pursuant to 12 O.S. § 683. *Firestone Tire & Rubber Company v. Barnett*, 475 P.2d 167 (Okla.1970). In *Firestone*, defendant filed a motion for summary judgment and three days later, at plaintiff's request, additional time was granted for briefing the issue raised in the summary judgment. Plaintiff then dismissed the action without prejudice before the expiration of the briefing time.

¶ 17 The defendant argued the case was finally submitted, eliminating plaintiff's right of voluntary dismissal under 12 O.S. § 683. This Court stated the submission was not final, because the dismissal was entered during the time plaintiff was given to file its brief. The opinion indicates that had plaintiff waited until all materials were before the trial court for the determination of the summary judgment, the matter would have in fact been finally submitted. *Id.* at 170. As a result of plaintiff having dismissed prior to the briefing deadline, the dismissal was effective and the trial court lacked the authority to vacate the dismissal and reinstate the cause as defendant requested.

¶ 18 *Firestone* implies that if a trial court considering a motion for summary judgment has only its ruling left to complete, the matter is finally submitted to the court. It follows, if the trial court actually ruled on the summary judgment, which occurred in the case at bar, then the plaintiff is beyond the "final submission" contemplated by 12 O.S. 1991 § 683.

¶ 19 In a case relevant to the one currently before the Court, this Court stated that after a demurrer was sustained as to plaintiff's evidence, it is within the trial court's discretion to set aside such order and allow the cause to be dismissed without prejudice by plaintiff. *Hutchison v. Brown*, 66 Okla. 250, 167 P. 624, 629 (1917). Dismissal without

prejudice, given with the leave of the trial court, is distinctly different from what Plaintiffs tried to accomplish in this case, where no court approval was sought.

¶ 20 In *Hutchison,* plaintiff dismissed his first action with permission of the trial court, after defendants' demurrers to the evidence at trial were sustained. A virtually identical suit was filed by plaintiff only four days after dismissing the first action. In defense of the second cause, it was argued "that the disposition of the first case brought by plaintiff below was a final disposition of the case upon its merits, and that the lower court erred in not sustaining his plea of res adjudicata." *Id.*

¶ 21 The relief sought by defendants in *Hutchison* is very similar to that sought by Gordon. The *Hutchison* opinion did not even entertain the possibility of dismissal without leave of the trial court, after the demurrer was sustained. In fact, *Hutchison* quoted the Kansas Supreme Court which stated directly that a demurrer to the evidence will foreclose the right of dismissal without prejudice:

> Where a demurrer to the evidence is submitted to the court, the submission is only conditionally final. It is final upon the condition that the court shall sustain the demurrer, and shall not in its discretion choose to reopen the case for the admission of other evidence, or for the dismissal of the action without prejudice....
>
> If, however, the court should overrule the demurrer, or if the court in its discretion shall reopen the case for the admission of evidence, or for the dismissal of the action without prejudice, then the submission is not final, or at least the action of the court thereon is not final. According to the decisions above cited, *a party against whom a demurrer to the evidence has been sustained cannot, as a matter of right, claim to have the case reopened for the introduction of additional evidence, or for the dismissal of the action without prejudice. So far as his rights are concerned, the decision is final; but*

> *still he may appeal to the discretion of the court.* It would be bad law that would so tie the hands of a trial court that it could not in any case reopen the case after sustaining a demurrer to evidence.

*Hutchison,* 66 Okla. 250, 167 P. 624, 629 (quoting *Schafer v. Weaver & Bill,* 20 Kan. 294) (emphasis added).[2]

■ ¶ 22 Similar to *Hutchison,* we find a party against whom a summary judgment is sustained can no longer, as a matter of right, dismiss his claim without prejudice. The decision is effectively final for that party and he must appeal to the trial court's discretion.

¶ 23 In *Mary Morgan, Inc. v. Melzark,* 49 Cal.App.4th 765, 57 Cal.Rptr.2d 4, 7 (1996), the court held that a "plaintiff's right to voluntarily dismiss an action before commencement of trial is not absolute" and the right will cease after an adverse tentative summary judgment ruling has been announced.

¶ 24 The *Morgan* plaintiff dismissed her cause after a tentative summary judgment ruling. The trial court had granted plaintiff additional opportunity to produce evidence in opposition to the summary judgment ruling and instead plaintiff dismissed without prejudice during the period allotted for the collection of additional evidence.

¶ 25 *Morgan* is unique because it does not present a request for dismissal following a summary judgment order, but a request made during continuation of a summary judgment hearing. *Id. Morgan* stated unequivocally "a summary judgment order bars voluntary dismissal." *Id.* at 7. However, *Morgan* took an additional step, preventing plaintiff from dismissing her cause even during the pendency of the summary judgment hearing. *Morgan* said:

> The meaning of the term "trial" is not restricted to jury or court trials on the merits, but includes other procedures that "effectively dispose of the case."

*Morgan* found that the continuance which was granted for the very particular purpose of producing opposition evidence, could not

---

2. The origin of Oklahoma's 12 O.S. § 683 is a Kansas statute with virtually identical language.

*See* 12 O.S.1991 § 683 (Historical Note).

be used to defeat defendant's motion using "collateral maneuvers." *Id.* at 8.

¶26 The statute, 12 O.S.1991 § 683, sets limits on plaintiff's right to dismiss, without which our trial courts would be subject to constant uncertainty. A trial court's ruling on the final disposition of a claim, such as a summary judgment, fits within the "final submission" contemplated by 12 O.S. § 683 and will foreclose a plaintiff's unfettered right to dismissal of his claim without prejudice.

¶27 Therefore, we hold Plaintiffs' dismissal on December 1, 1997 was not effective with regard to Plaintiffs' claims against Joseph F. Gordon Architect, Inc. Plaintiffs were required to seek the trial court's leave to dismiss without prejudice their claims against Gordon. Having not done so, the trial court maintained its authority over the case and the January 1998 "Order Sustaining Motion for Summary Judgment of Defendant Joseph F. Gordon Architect, Inc. and Judgment" effectively finalized and made appealable the summary judgment rulings.

¶28 CERTIORARI PREVIOUSLY GRANTED. COURT OF CIVIL APPEALS OPINION VACATED. JUDGMENT OF THE TRIAL COURT AFFIRMED.

SUMMERS, C.J., HARGRAVE, V.C.J., HODGES, LAVENDER, ALMA WILSON, KAUGER, and WATT, JJ., concur.

OPALA, J., concurs in result.

