2004 OK CIV APP 60

**Billy Don BURLESON, Plaintiff/Appellant,**

v.

**ST. FRANCIS HOSPITAL, an Oklahoma Corporation, and James C. Spann, M.D., Defendants/Appellees,**

and

**Jane E. Bare, M.D., David L. Brewer, M.D., James W. Dean, M.D., Mark H. Grosserode, M.D., Archibald S. Miller, M.D., and Brian D. Worley, M.D., Defendants.**

No. 99,653.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 14, 2004.

Phillip O. Watts, Watts & Watts, Oklahoma City, OK, for Plaintiff/Appellant.

F. Will DeMeir, David G. Graves, Brad Smith, Barkley Titus Hillis & Reynolds, PLLC, Tulsa, OK, for Defendants/Appellees.

## OPINION

ADAMS, Judge.

¶1 Appellant Billy Don Burleson (Plaintiff) appeals a trial court order reinstating its prior summary adjudication in favor of St. Francis Hospital and James C. Spann, M.D., (collectively, Defendants) in Plaintiff's medical malpractice action against Defendants and other physicians.[1] As reflected by the Journal Entry of Judgment, the trial court agreed with the argument made within Defendants' Motions to Reinstate Summary Judgment that the case was "finally submitted" when Plaintiff filed its Dismissal Without Prejudice pursuant to 12 O.S.2001 § 683,[2] because all of the parties' summary judgment briefs had been submitted at that time.

¶2 Plaintiff argues that the dismissal of his case under § 683 was proper, and that as a result the trial court was without jurisdiction to enter any further orders in the case. We agree. The Court in *Firestone Tire & Rubber Co. v. Barnett*, 1970 OK 93, 475 P.2d 167, approved the holding in *Tiffany v. Tiffany*, 1948 OK 51, 199 P.2d 606, 200 Okla. 670, that a case is not finally submitted under § 683 and the plaintiff may dismiss without prejudice *when the trial court has given time to counsel for future argument.*

¶3 This is precisely what occurred in this case. As the Journal Entry of Judgment states, the trial court set "the Motions for Summary Judgment of both Defendants for hearing on March 7, 2003, *at which time the Court would have heard oral argument*" and that "Plaintiff dismissed the case on the morning of March 7, 2003, *several hours before* the Court held its hearing on both Defendants' Motions for Summary Judgment at 1:30 p.m. the same day and granted summary judgment." (Emphasis added.) Accordingly, Plaintiff filed his voluntary dismissal "before final submission of the case," and the trial court lacked the authority to grant Defendants' Motions for Summary Judgment. Plaintiff's case in the trial court stands dismissed without prejudice, and the trial court's order is reversed.

REVERSED.

JONES, J., and BUETTNER, V.C.J./P.J., concur.

---

1. The record demonstrates that Plaintiff dismissed the other defendants without prejudice on August 30, 2002.

2. Section 683 provides that "[a]n action may be dismissed, without prejudice to a future action ... [b]y the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court."